Charles Devenpeck, commissioner of highways of the town of Worcester, Otsego county, *vs.* John Lambert.

Where successive owners of land have permitted the people at large to use the same as a public highway, for twenty years or more, without interruption or objection, the same will be deemed a public highway ; notwithstanding the owners of the land may not have intended to confer upon the overseers of highways the right to control the road as a public highway.

The mere intention of the owners of the land is not material, under the statute declaring that all roads not recorded shall be deemed public highways from the mere fact that they have been used as such for twenty years or more. (2 *R. S. 5th ed.* 405, § 135.)

The uninterrupted user of land by the public, as a public highway, for twenty years, makes it a public highway, under the statute, though the owner be a lunatic, an infant, or a married woman, and has no knowledge thereof, during the entire time.

Declarations of the owner of land which the people at large are constantly using as a public highway without asking any leave of him, to the effect

Devenpeck *v.* Lambert.

that he owns the land and has not dedicated it to the public, and that he will stop such use of it, avail him nothing, under the statute; unless he actually interrupts such user before the expiration of twenty years from its commencement.

The right of the people to land as a public highway irrevocably attaches, by the statute, as soon as twenty years' uninterrupted use of it as a public highway expires.

After a road has become a public highway, by user as such for twenty years or more, a person obstructing it incurs a penalty for so doing, although the commissioners of highways have neglected their duties in not ordering the overseer of highways to open such highway to the width of two rods at least, and in not causing it to be ascertained, described and entered of record in the town clerk's office.

The commissioner of highways can maintain an action to recover the penalty of five dollars for obstructing such a highway.

THIS action was first brought in a justice's court, to recover a penalty of five dollars for obstructing a highway in the town of Worcester in the county of Otsego. The defense there interposed was that there was no highway where the obstruction was placed; and that the land where the plaintiff alleged there was a highway was the private property of George Clark, and that the defendant acted as his agent in putting the alleged obstruction on the land.

The justice was of the opinion that a question as to the title to real property was raised by the pleadings, and dismissed the case. The plaintiff then brought the action in the supreme court, for the same cause, and the same defense was interposed that was set up before the justice. The issues were tried before a justice of the supreme court without a jury, at a special term of this court held in Otsego county, in August, 1864. The justice decided that there was no highway where the alleged encroachment was placed by the defendant, and gave judgment in his favor for costs. The plaintiff excepted to the findings of the justice, and appealed from the judgment to the general term of the court.

*W. C. Lamont,* for the plaintiff.

*Abraham Becker,* for the defendant.

---

Devenpeck *v.* Lambert.

---

*By the Court*, BALCOM, J. The successive owners of the land, on which the road in question exists, permitted the people at large to use the same as a public highway, for twenty years or more prior to the time the defendant obstructed it by building a fence across it. Such use was uninterrupted and with the consent of the several successive owners of the land. The first owner declared in substance that he opened the road for the accommodation of his hotel and store, and the public; though at one or more times he may have prevented an overseer of highways from working it; but it was worked at other times by overseers of highways; and the owner of the land referred to worked out his highway tax on it at least one year. He said at one time ·that he made the road for his own accommodation and for the public if they saw fit to use it, and at other times he claimed the absolute right to the land and the right to control it as his own; but neither he nor either of the subsequent owners ever forbade any person traveling on the road as a public highway, or did any act to hinder the free use of it as a highway by the people at large, until it was obstructed by a fence shortly previous to the commencement of this action; which was more than twenty years after it was first ·opened and used as a public highway.

It may be said that neither owner of the land ever intended to confer upon the overseers of highways the right to ·control the road as a public highway. But notwithstanding such intention they made no objection to the people at large using it and traveling it as a public highway, for more than twenty years.

The statute is that, "all. roads not recorded which have been or shall have been used as public highways for twenty years or more shall be deemed public highways." (2 *R. S. 5th ed.* 405, § 135.) That is to say, they shall be judged or held to be public highways from the mere fact that they have been used as such for twenty years or more.

I agree that if no statute were in the way, the intention of

Devenpeck *v.* Lambert.

the owner of the land, on which the road exists, would control the question whether it had been dedicated to the public for a highway. (*See Angell on Highways,* § 153 ; *Irwin* v. *Dixon,* 9 *How. U. S. Rep.* 30 ; *Carpenter* v. *Gwynn,* 35 *Barb.* 395.) But the mere intention of the owner of the land is not material under the statute referred to. The uninterrupted use of the land as a public highway for twenty years alone, according to the statute, constitutes it such a highway. Such a user of land for that period makes it a public highway under the statute, though the owner be a lunatic, an infant or a married woman, and has no knowledge thereof during the entire time. I think such is the obvious meaning of the statute, and that it must be so construed, for the reason that there is no exception in it saving the rights of persons incapable of consenting or who do not consent to the use of their land for a highway.

It seems to me declarations of the owner of land which the people at large are constantly using as a public highway without asking any leave of him, to the effect that he owns the land and has not dedicated it to the public, and that he will stop such use of it, avail him nothing under the statute, unless he actually interrupts such user before the expiration of twenty years from the commencement of it, and that the right of the people to it as a public highway irrevocably attaches by the statute as soon as twenty years uninterrupted use of it as a public highway expires.

There is authority for holding that an action can not be maintained to recover a penalty for refusing or neglecting to remove an *encroachment* upon a highway, unless such highway has been laid out and recorded by the proper authorities. (*See Doughty and others, comrs. &c.* v. *Brill,* 36 *Barb.* 488.) But the language of the statute respecting *encroachments* is different from that respecting *obstructions.* The former is : "In every case where a highway *shall have been laid out,* and the same has been or shall be encroached upon," &c. the commissioners may order the encroachments

removed, &c. (2 *R. S. 5th ed.* 407, §§ 141, 142.) While the latter is : "Whoever shall obstruct *any highway*, or shall fill up or place any obstruction in any ditch constructed for draining the water from any highway, shall forfeit for every such offense the sum of five dollars." (2 *R. S. 5th ed.* 406, § 140.)

The road in question having become a public highway by user, as such for twenty years or more, it was the duty of the commissioners of highways to order the overseer of highways to open it to the width of two rods at least, if it was not of that width. (2 *R. S. 2d ed.* 406, § 136.) And it was also the duty of the commissioners to cause it "to be ascertained, described and entered of record in the town clerk's office." (2 *R. S. 5th ed.* 381, § 1, *sub.* 3.) But the people had the right to travel it, though the commissioners neglected their duties in those respects, and the defendant incurred a penalty by obstructing it. (*See Wiggins* v. *Tallmadge*, 11 *Barb.* 457 ; *Fowler* v. *Mott*, 19 *id.* 204 ; *Clements* v. *The Village of West Troy*, 10 *How. Pr. Rep.* 199.) It was a public highway, though the commissioners had not accepted it as such by causing it to be recorded ; and as the statute gives the penalty of five dollars for obstructing "any highway," without declaring it must be laid out or recorded before the penalty can be recovered, the only inquiry to be made is, was the road in which the obstruction was placed by the defendant, *a public highway ?* And that it was such a highway has already been shown.

The authorities cited by the defendant's counsel, in 16 *Barb.* 251, 37 *id.* 50, and 2 *Seld.* 257, do not establish that it was necessary for the plaintiff to prove that the highway had been ascertained, described and entered of record, to entitle him to maintain the action. They only show that if the plaintiff had attempted to establish the highway by dedication and user of less than twenty years, he would have been obliged to prove it had been accepted as a public highway by the commissioners, and recorded.

It is claimed by the defendant's counsel that the plaintiff, as commissioner, was not bound to see that this road was kept in repair. If this were so, I answer, what he was bound to do is one thing, but what he could do is another. I do not doubt that he could lawfully have caused this road to be kept in repair, or that he can maintain an action to recover the penalty of five dollars for obstructing it. He has the care and superintendence of *all highways* in his town, (2 *R. S. 5th ed.* 381, § 1, *sub.* 1;) and as this road was a public highway, it was under his supervision; and he is authorized to bring actions for penalties. (3 *R. S. 5th ed.* 774, § 105. 4 *Hill*, 136.)

For these reasons I am of the opinion the plaintiff, as commissioner of highways of Worcester, was entitled to recover, and that the judgment against him is erroneous and should be reversed, and a new trial granted; costs to abide the event.

So decided.

