[No. 12664. In Bank. — December 29, 1888.]

ANNIE M. HOPE, RESPONDENT, v. W. S. BARNETT ET AL., APPELLANTS.

EJECTMENT — REMOVAL OF FENCE — OBSTRUCTION OF HIGHWAY — CHANGE OF ROAD — CONSISTENCY OF FINDINGS. — In an action to recover the possession of premises, and damages for the removal of a fence which the defendant, as road overseer, claimed the right to remove as an obstruction to a public road, findings that the fence was constructed *along* the road ten years before the commencement of the action, and that the premises sued for have for more than ten years been inclosed *along* the road; that the road from which the fence had been removed had been open to public travel, and worked and used as a public road, for eighteen months or two years before the fence was erected, and in that part whence said fence was removed, but the fence had stood *in* said road for ten years and more when removed; that no part of the premises constitute or ever constituted a public highway, and that the fence is not an obstruction or encroachment on any public highway, — are not contradictory or inconsistent, but relate to different times, and in the absence of the evidence may be reconciled upon the supposition of a change in the line of the road. An immaterial conflict in the findings is not ground of reversal of the judgment.

DEDICATION OF HIGHWAY — USER. — Where the dedication of a highway is sought to be established by user, it must appear that such user was with the knowledge and consent of the owner, or without objection on his part, unless it has continued for a period of five years, as provided by section 2619 of the Political Code. A finding of user of a road as a public road for eighteen months or two years, without a finding of knowledge or consent of the owner, does not show that such road became a public highway.

APPEAL from a judgment of the Superior Court of Santa Barbara County.

The facts are stated in the opinion of the court.

*S. S. Price,* and *Thomas McNulta,* for Appellants.

The statute of limitations does not run against a road. (*People* v. *Pope,* 53 Cal. 437; *Hoadley* v. *San Francisco,* 50 Cal. 265; see also Pol. Code, sec. 2619.) The sixth finding shows a dedication of the road, and we think is conclusive of this case, and entitles the defendants to judgment in their favor. (Act concerning roads, etc., Stats. 1871–72, p. 136, sec. 12; *Breed* v. *Cunningham,* 2 Cal. 361; *San Francisco* v. *Scott,* 4 Cal. 115; *Harding* v. *Jasper,* 14 Cal. 643; *Kittle* v. *Pfeiffer,* 22 Cal. 485; *Stone* v. *Brooks,* 35 Cal. 489; *People* v. *Pope,* 53 Cal. 437.) Dedication may arise from acquiescence by the owner in the use of his land for a highway. (*Harding* v. *Jasper,* 14 Cal. 648.)

*Fernald, Cope & Boyce,* for Respondent.

The assent of the owner, or his intention to dedicate, is essential to a dedication. User by the public is not alone sufficient. (Angell on Highways, sec. 151; Washburn on Easements, 209; *City of Cincinnati* v. *Lessee of White,* 6 Pet. 440; *Hunter* v. *Sandy Hill,* 6 Hill, 407; *Holdane* v. *Cold Spring,* 21 N. Y. 474; *Kelly* v. *Chicago,* 48 Ill. 388; *Kyle* v. *Town of Logan,* 87 Ill. 64.)

WORKS, J.—Action in ejectment, and for damages for detention of real estate and tearing down and removal of a fence. Answer denying all of the material allegations of the complaint, and alleging further, that the defendant Barnett was at the time of the alleged ouster overseer of the road district in which the real estate was situate; that the premises mentioned in the complaint were a public highway; that the fence mentioned was erected by the plaintiff, and by her permitted to stand in, and was an obstruction to, a certain public highway; that said defendant, as such overseer, notified plaintiff to remove the fence; that without claiming the right to main-

tain the fence, plaintiff failed and neglected to remove
the same for more than ten days after said notice was
given, whereupon said defendant, as such overseer, re-
moved the fence with as little damage and injury to the
materials thereof as was possible, and that the other
defendants were employed by and assisted said overseer
in removing said fence, and acted solely as his agents in
so doing. The defendant Barnett also pleaded, by way
of counterclaim, that the real estate in controversy was
a public highway, and had been for twelve years, and as
such was under the exclusive control of the board of
supervisors and road overseer; that he, and the other
defendants acting for him, had removed said fence, and
that the same had been replaced in said highway by
plaintiff, and asked that the same be declared a nuisance
and abated.

There was a trial by the court, and findings and judg-
ment for the plaintiff for the possession of the land and
one hundred dollars, and against the defendants on their
counterclaim.

1. The first point made by the appellant is, that some
of the findings are inconsistent with each other and con-
tradictory. It is claimed that because finding 2 is to
the effect that the fence in question was erected "*along*
a public road known as the Modoc road,*"* and finding 6
shows "that the Modoc road, from which this same fence
was removed, and *in that part* from whence it was re-
moved, had been open to public travel, worked and used
as a public road, for a period of eighteen months," etc.,
they are conflicting, for the reason that one finding is
that the fence is *on the boundary of* and the other that it
is *in* the road.

The second and sixth findings are as follows :—

" 2. That said premises have been for more than ten
years inclosed on the northeast side thereof, and along a
public road known as the Modoc road, by a good and
substantial post-and-board fence about four hundred rods

in length and eight hundred dollars in value, and the property of plaintiff; that said premises were on the fourteenth day of February, 1887, wholly inclosed by boundary fences, the said fence along said Modoc road being one, and were used as agricultural and pasture lands."

" 6. The court further finds, as matter of fact, that the Modoc road, from which the fence and alleged obstruction was removed by the defendants, and in that part where said fence was placed, and from whence it was removed, had been open to public travel, worked and used as a public road, for a period of eighteen months or two years, in all that part from whence said fence was removed at a period about ten years ago or more. But the fence had stood in said road for ten years and more at the time it was removed by the defendants, and that said road where the said fence had so stood for ten years and more had not at any time been abandoned by order of the board of supervisors, or by the judgment of any court of competent jurisdiction, but had been held adversely by the plaintiff, and those under whom she claims, for a period of ten years and more. That during the years 1871–72 certain steps were taken and attempted proceedings were had before the board of supervisors, seeking to establish the road as a public highway under the act of February 1, 1872, but all the requirements of said act were not complied with."

It will be seen that the two findings as to the situation of the fence relate to different times. The second relates to the ten years preceding the action, and finds that during that time the same inclosed the premises in controversy along the public road.

The sixth finding is, that *at a period ten years before* the Modoc road had been open to public travel for a period of eighteen months or two years, in that part whence said fence was removed, but the fence had stood in said road for ten years or more. The evidence is not before

us. We cannot say that between the times to which the findings relate the line of the road had not been so changed as to render it true that at one of the dates mentioned the fence was in the road, and at the other along its border. Therefore we must hold that the findings do not conflict.

Finding 4 is also claimed to be inconsistent with the sixth, for the reason that it is to the effect "that no part of the premises constitute, nor did they ever constitute, a public road, or any part of any public highway," and that the fence "is not an obstruction or encroachment on any public highway," and does not now, nor did it ever, constitute a nuisance in any public highway." The first clause of the fourth finding does not conflict with the sixth, because one relates to the premises in controversy and the other to the fence; and taking all three of the findings above mentioned together, they cannot, in the absence of the evidence, be held to conflict in any of their parts. As we have said, finding 2 is to the effect that at the time of bringing the action the fence was not in the road, but along the side of it. Finding 6 is, that ten years before, it was in the place where the road had, previous to that time, been used and worked. Finding 4, as to the location of the fence, is confined to the time of bringing the action, supports the second finding, and does not contradict the sixth, which relates to another time. So far as the fourth finds that the fence *does not* constitute a nuisance in a public highway, it is in accord with the other findings, and the finding that it *never did* is immaterial if we admit that it conflicts with other findings.

2. It is further urged that the sixth finding shows a dedication of the road to public use, and as there is nothing in the other findings to show that it has ceased to be a public highway, the defendants were entitled to judgment.

The sixth finding is set out above. We are unable to

see anything therein showing, or tending to show, a dedication of the real estate to public use as a highway. While it was not necessary that there should have been a formal grant of the land to constitute a dedication, there must have been some act or assent to the use of it, by the public, sufficient to show an intention to dedicate the property to such use. (*Harding* v. *Jasper*, 14 Cal. 642, 647.)

Where the dedication is sought to be established by user as a highway, it must appear that such user was with the knowledge of the owner, and with his consent, or without objection on his part. (*Sullivan* v. *State*, 52 Ind. 369; *Summers* v. *State*, 51 Ind. 201; *Harding* v. *Jasper, supra.*)

It was held by this court in *Bolger* v. *Foss*, 65 Cal. 250, that under section 2619 of the Political Code, as then in force, providing that " all roads used as such for a period of five years are highways," such user for the term of time prescribed constituted such road a public highway without reference to the question of consent by the owner. But the court was careful to say that this was not a right gained by prescription, but by the express terms of the code. The finding we are considering shows neither a dedication nor an establishment of a highway by virtue of the provision of the code referred to. It only shows a use of the road for " eighteen months or two years " before the fence was erected, and fails to show that such use was with the knowledge or consent of the plaintiff. Therefore the defendants were not entitled to judgment on the findings.

Judgment affirmed.

SHARPSTEIN, J., McFARLAND, J., SEARLS, C. J., PATERSON, J., and THORNTON, J., concurred.