94  443
116  595

[No. 14399. In Bank. — May 5, 1892.]

# F. S. COOK ET AL., RESPONDENTS, *v.* ROBERT SUD-DEN, APPELLANT.

NEW TRIAL — NOTICE OF MOTION — OMISSION OF NAME OF ONE PLAINTIFF FROM CAPTION — INADVERTENCE NOT MISLEADING. — A notice of motion for a new trial by a defendant, directed to and served on the attorneys who were the attorneys for all of the plaintiffs, is not rendered insufficient because of the fact that by inadvertence the name of one of the plaintiffs was left out of the caption of the notice, where there is no pretense that the omission misled the attorneys into the belief that no notice was intended as to such plaintiff, and nothing appears in the record which shows any prejudice done in that regard.

STREET ASSESSMENT — PRIVATE PROPERTY. — No recovery can be had for any street-work done on private property not dedicated as a public street.

ID. — DEDICATION OF STREET — OFFER — PRIVATE UNRECORDED MAP — EVIDENCE. — A private map, which has never been filed for record, is not evidence of an offer to dedicate the land to the public as a public street as laid down upon the map.

ID. — DESIGNATION ON PUBLIC MAP — FINDING AGAINST EVIDENCE. — The fact that a public map has the land in dispute laid down as a street is not, of itself, evidence of dedication or user; and where there is no other evidence showing or tending to show any offer of dedication, a finding of dedication of the land as a street is not supported by the evidence.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order denying a new trial.

The facts are stated in the opinion.

*A. N. Drown,* and *S. A. Shepperd,* for Appellant.

*Blackstock & Shepherd,* for Respondents.

FOOTE, C. — This is an action to recover money on an alleged street assessment, for work done by certain contractors. Plaintiffs had judgment as prayed for, from which, and an order denying a new trial, this appeal is taken by defendant.

It is claimed by the respondents that the judgment and order should not be disturbed, because the notice of motion for a new trial, although served on the attorneys

for all the plaintiffs, did not state in the caption thereof the name of one of the plaintiffs.

It is perfectly clear that the notice of intention to move for a new trial by defendant was given and made under sections 1010 and 1011 of the Code of Civil Procedure, and was directed to and served on the attorneys who were the attorneys for *all the plaintiffs;* and the fact that by inadvertence the name of one of the plaintiffs, Robert Bell, was left out of the title of the cause, at the top of the notice, should certainly not be held to have misled these attorneys into the belief, as there is no pretense that it did, that no such notice was intended as to their client Robert Bell. In fact, there is nothing in the record which shows any prejudice done in this regard.

We do not deem it necessary to determine any other question raised here, except as to the sufficiency of the evidence to support the findings upon the matter of the dedication of the land involved, as a public street, by its owner, the defendant.

The action is based on a street assessment. If there was no public street, of course there could be no valid street assessment, for no recovery can be had for any street-work done upon private property.

The evidence in this case is all one way, to wit, that no *offer* to dedicate the land as a public street was ever made, or intended to be made, by the owner; and the alleged acceptance of the street by the city of San Buenaventura, by merely putting it on a map, was of no value, because no offer had been made which could have been accepted.

The lease and deeds introduced, executed by the defendant, and the evidence of the defendant, in our judgment, show that no offer to dedicate, or anything looking that way, was ever made, or intended to be made.

The private map introduced, which was never *filed,* was no evidence to show any offer to dedicate to the public. (*People* v. *Reed,* 81 Cal. 70; 15 Am. St. Rep. 22.) In truth, the evidence is utterly devoid of anything which shows

either a dedication or an offer to dedicate, and no acquiescence in any user of the public by the owner appears. The evidence, particularly that of the defendant, which was brought out by the plaintiffs, he being their witness, and which is not contradicted, plainly shows that the land in dispute was private property; and he had never dedicated or offered to dedicate it to the public use as a street; that he had it fenced at both ends until the fences were torn down by the order of the city authorities; that there was never any user by the public in the slightest degree authorized by the defendant; that the attempted opening of the so-called Laurel Street by the city authorities, and its improvement by the contractors, was protested against by the defendant, who in every way seems to have endeavored *not* to offer to dedicate, and not to allow a user by the public.

The fact that a public map had the land in dispute laid down as a street was not of itself evidence of dedication or user, and there is nothing else in the record which, in our judgment, even tends to show any offer of dedication.

Under the rule laid down in *People* v. *Reed*, 81 Cal. 70, 15 Am. St. Rep. 22, the findings assailed are totally unsupported by the evidence, and the judgment and order should be reversed, and we so advise.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed.