[Sac. No. 206.    Department Two.—April 28, 1897.]

THE PEOPLE EX REL. SAN JOAQUIN CO., AP-PELLANTS, *v.* GEORGE B. SPERRY ET AL., RE-SPONDENTS.

DEDICATION OF STREET—FINDINGS—CONFLICTING EVIDENCE—APPEAL.— Where there is conflicting evidence as to whether what is claimed to be a public street, was or was not dedicated to public use by the owner of suburban land, findings that there was no dedication, or offer of dedication and acceptance by use by the public, which are sustained by the evidence for the defendant, will not be disturbed upon appeal.

ID.—USE BY PUBLIC WITHOUT OFFER OF DEDICATION.—A use by the pub-lic which is not referable to any offer of dedication on the part of the owner, does not prove the existence of a public street.

ID.—MARKING OF STREETS UPON UNRECORDED MAP—SALES OF LOTS—DEC-LARATIONS OF VENDOR—PRIVATE WAYS—OBSTRUCTION ACROSS STREET —ABSENCE OF INTENTION TO DEDICATE.—The mere marking of streets upon an unrecorded map of a suburban addition to a town, where the purchasers of lots thereupon were informed by the vendor and his agent that the streets were not dedicated to public use, but were to be main-tained as private ways, subject to the rights of persons to whom lots in the tract might be sold, to use them in connection with their land, does not constitute a dedication thereof to public use; and where there is evidence that obstructions were constantly maintained across the north-ern end of one of such streets by the owner of the land, and that it was never his intention to dedicate the street to public use, a finding that there was no dedication of the street, is sufficiently supported.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial.    ANSEL SMITH, Judge.

The facts are stated in the opinion of the court.

*District Attorney W. B. Nutter,* and *John B. Hall,* for Appellants.

*Nicol & Orr,* for Respondents.

HENSHAW, J.—By this action plaintiff seeks to have a strip of land extending northerly and southerly across what is called Sperry's Addition to the city of Stockton declared to be a public highway, and to remove obstructions therefrom. Judgment passed for the defendants, and from this judgment and from the order denying a new trial plaintiff appeals.

The determinative question in the case is whether the evidence supports the findings of the court against the alleged dedication.

Sperry's Addition was suburban land adjacent to, but not within the corporate limits of the city of Stockton. In 1891, or in 1892, a plat was made of these lands, upon which they were subdivided into lots and blocks; streets were thereon indicated and named. The street in question was designated El Dorado street. It extended from North street, the northerly boundary of the city of Stockton, to the farther limits of the tract. Thereafter some few lots were sold under descriptions referring to this plat. The map, however, was never placed on record, and during all of this time the land was enclosed with a substantial fence. Later, however, for the convenience of the purchasers of lots, the fence at the intersection of El Dorado street and North street was removed. At the northerly end of El Dorado street was maintained not only a fence, but during part of the time a corral. The street was graveled not throughout its entire length, but up to the line of the corral. Purchasers of lots were informed that the streets were not dedicated to public use, but were to be maintained as private ways, subject to the rights of persons to whom lots in the tract might be sold, to use them in connection with their land. In April, 1893, the defendants caused to be filed with the recorder of San Joaquin county a map of the Sperry Addition containing upon the face thereof this reservation as to the streets. The northerly end of El Dorado street abutted upon the land of one Brown. The lower end of El Dorado street being open, the public could and did drive in upon the line

of said street, but were obliged to retrace their course
when they came to the fence and corral at the upper
end thereof.   One Zinck, however, purchased a lot at
the northerly end of El Dorado street and contiguous
to the land of Brown.   Zinck opened a passageway
through his lot, and thereafter persons could drive
along El Dorado street to the land of Zinck, and thence
turning off of El Dorado street and passing through
the land of Zinck could reach the Brown tract beyond.

The defendant Sperry, and his agent for the sale of
the lots, both testified that it was never the intention to
dedicate El Dorado street to public use; that they con-
tinually maintained the obstruction at the northerly
end of it, and informed purchasers and intending pur-
chasers of land that the streets were not public streets.

There is no question but that a dedication after ac-
ceptance cannot be revoked so as to defeat the rights of
the public which have vested under it.   The question
of fact here, and the one which the court found under
conflicting evidence adversely to appellant's contention,
is that there was no dedication, nor offer of dedication
and acceptance by use by the public.   The *animus dedi-
candi* must be clearly evidenced by unequivocal acts.
(*Eureka* v. *Croghan*, 81 Cal. 524.)   When this is shown,
and with it an acceptance by use upon the part of the
public, the dedication is complete and irrevocable, and
the actual consent and acquiescence of the owner in the
public use being established, the length of time of the
public use ceases to be of importance.   (*Schwerdtle* v.
*County of Placer*, 108 Cal. 589.)   But in this case, while
the use by the public is sufficiently established, that use
was not referable to any offer of dedication upon the
part of the owner.   The mere marking of streets upon
the unrecorded map and the sales of lots thereupon, with
the declaration to the purchasers that the streets were
not public streets, did not constitute a dedication thereof.
(*People* v. *Reed*, 81 Cal. 70; 15 Am. St. Rep. 22; *Phillips* v.
*Day*, 82 Cal. 24; *Cook* v. *Sudden*, 94 Cal. 444.)   During
all of the time the street was never opened throughout

its length to public use as a street, and the defendants constantly maintained visible obstructions across it. These facts, together with the testimony of Sperry and his agent, are certainly sufficient to support the finding of the court that there was no dedication of the street.

The judgment and order appealed from are affirmed.

McFarland, J., and Temple, J., concurred.