[Crim. No. 1124.  Department One.—August 6, 1904.]

THE PEOPLE, Respondent, v. JOHN MYRING, Appellant.

CRIMINAL LAW—MALICIOUS BURNING OF PUBLIC BRIDGE—DEDICATION OF HIGHWAY.—A defendant charged with the crime of willfully and maliciously burning a public bridge upon a public highway was properly convicted, where the evidence authorized the jury to find that the road upon which the bridge had been destroyed had been dedicated as a public highway, and that defendant wrongfully intended to destroy the bridge thereupon.

ID.—PROOF OF DEDICATION BY DEFENDANT.—Where it appeared that the road crossed defendant's land, and that the bridge was erected thereupon, evidence that the road had been traveled by the public for more than twenty years, and that defendant had, prior to its construction, signed a petition to the supervisors to lay it out, and had signed a grant of a right of way therefor, and had worked upon the road for its repair, was sufficient evidence of a dedication of the road as a highway by the defendant.

ID.—EVIDENCE—PETITION AND GRANT—ROUTE OF ROAD—QUESTION FOR JURY.—The petition of the defendant to the supervisors, and the grant of the right of way signed by him, were admissible evidence on the question of dedication. The question whether the route therein described was substantially the same as that of the road afterwards built was for the determination of the jury.

ID.—ADVERSE USER FOR PRESCRIPTIVE PERIOD — PRESUMPTIONS.—The adverse user of the road by the public with the knowledge of the owner for a period of time corresponding to that fixed for conferring a title by prescription establishes as against the owner a presumption of dedication, and affords the conclusive and indisputable presumption of knowledge and acquiescence, and negatives the idea of license.

ID.—EVIDENCE—DECLARATION OF HOMESTEAD—ESTOPPEL.—A declaration of homestead upon the defendant's premises was properly excluded from evidence where no dedication by his deed was relied upon. The

dedication presumed from adverse user for the period of prescription operates as an estoppel against the wife as well as the husband, and is independent of any question of homestead.

ID.—ACCIDENTAL LOSS OF BRIDGE—TEMPORARY CHANGE OF ROUTE—PUBLIC HIGHWAY NOT DESTROYED.—Where, about four years before the burning of the bridge by the defendant, it was accidentally destroyed, as the result of forest fires, the fact that, for a time, the public ceased to use the portion of the road where the bridge was built, and that the travel went by another route near thereto, did not destroy the original public highway, nor affect the right of the road overseer to rebuild the bridge and repair the original road.

ID.—CROSS-EXAMINATION—IMPROPER MOTION TO STRIKE OUT—WAIVER OF NON-RESPONSIVE ANSWER.—Where the defendant, upon cross-examination of a witness for the prosecution, allowed a non-responsive answer to stand without objection, and continued the cross-examination upon the subject of such answer, he thereby waived the right to object to its admissibility, and could not thereafter move to strike out the original answer as non-responsive.

ID.—MALICIOUS BURNING OF BRIDGE—QUESTION FOR JURY.—The question whether the defendant destroyed the bridge "maliciously" was a question of fact, to be determined by the jury. Where his intent to destroy it was clearly shown, it was done maliciously if it was a wrongful act. The verdict of the jury shows that they must have been satisfied from the evidence that the defendant did not honestly believe that the road was not a public highway, or that the bridge was not on a public highway.

ID.—CIVIL LIABILITY NOT IN ISSUE—REQUESTED INSTRUCTION.—The question whether the defendant was liable to the county in a civil action was not in issue before the jury, and a requested instruction in reference thereto was properly refused.

APPEAL from a judgment of the Superior Court of Mendocino County and from an order denying a new trial. J. Q. White, Judge.

The facts are stated in the opinion.

Thomas, Pemberton & Thomas, Mannon & Mannon, and George W. Chamberlain, for Appellant.

U. S. Webb, Attorney-General, C. N. Post, Assistant Attorney-General, and Robert Duncan, District Attorney, for Respondent.

HARRISON, C.—An information was filed against the appellant charging him with the crime of willfully, maliciously, and feloniously injuring and destroying a public bridge upon

a public highway, by burning the same,—such bridge then being upon and used upon a certain public highway leading from the town of Albion to Anderson Valley by way of Pullen's Mill,—all in Mendocino County, and upon the trial thereof was convicted and sentenced to imprisonment in the county jail for the period of three months.

It was shown at the trial, without any attempt at contradiction, that on June 12, 1902, the defendant intentionally destroyed the bridge by setting fire to and burning it, but he defended upon the ground that the bridge was not a public highway, and was not upon the public highway, or upon any way laid out by authority of law. There was no evidence that the road upon which the bridge stood had been laid out by authority of law, but is was clearly shown that the bridge, or one in its place, had been built and used more than twenty years prior to the time it was destroyed by the defendant.

There was testimony that a road was surveyed out in April, 1876, and that the present road was constructed along the survey then made; that the grading was done and the road built mostly in the winter and spring of 1878. The defendant testified that the road where the bridge stood that was burned by him was built directly after the survey, somewhere along in 1875 or 1876. Testimony was also given that the road had been traveled from late in the year 1878, and that the road overseers of the district had maintained it since that time; also, that the road had been traveled by the public for more than twenty years. About four years before the bridge in question was burned a forest fire had swept over the region surrounding the road and destroyed the bridge which then was there, and from that time until a short time before the bridge in question was burned a portion of the road adjacent to the site of the bridge was unused, the travel going by another route near thereto. In the early part of June, 1902, under the direction of the supervisor of that district, the road-overseer repaired the road and rebuilt the bridge, and on the next day the defendant set fire to it and destroyed it. The land over which that portion of the road runs on which the bridge is situated belongs to the defendant. He had lived thereon and cultivated and worked it since 1873. A patent from the United States was issued to him in 1881.

The jury were instructed by the court that in order to convict the defendant of the crime charged against him they must be satisfied from the evidence before them that the road upon which was the bridge that he had destroyed had been dedicated as a public highway. We are of the opinion that the evidence before them fully authorized the jury to find such dedication. Section 2618 of the Political Code declares that "In all counties of this state public highways are roads, streets, alleys, lanes, courts, places, trails, and bridges, laid out or erected as such by the public, or if laid out or erected by others, dedicated or abandoned to the public, or made such in actions for the partition of real property." The dedication of a road as a public highway is the setting it apart by the owner of the land for the use of the public, and the subsequent use thereof by the public operates as an acceptance of the same and makes it a public highway. Such dedication may be express, as by a grant to the public, or it may be implied from the circumstances under which the road is set apart and used. The adverse user of the road by the public with the knowledge of the owner for a period of time corresponding to that fixed for conferring a title by prescription establishes as against the owner a presumption of dedication. "It affords the conclusive and indisputable presumption of knowledge and acquiescence, while at the same time it negatives the idea of mere license." (*Schwerdtle* v. *County of Placer*, 108 Cal. 589; *Hartley* v. *Vermillion*, 141 Cal. 340.) Under this rule the evidence before the jury, as above shown, was sufficient to justify them in finding that the road had been dedicated by the defendant as a public highway. There was, moreover, evidence of positive acts on his part tending to confirm this presumption. In 1876, prior to the construction of the road, he had signed a petition to the board of supervisors for the laying out of the road in the vicinity of its route, and had also signed the grant of a right of way therefor, and after the road was built he had, at different times, worked upon it for its repair in the vicinity of the bridge and elsewhere.

The ceasing to use a portion of the road after it had been once established did not of itself destroy its character as a public highway. (Pol. Code, sec. 2619.)

The court properly refused to admit in evidence the dec-

laration of homestead offered on behalf of the defendant. The purpose of offering it in evidence, as stated by his counsel, was to show that it was incompetent for him alone, without the consent of his wife, to dedicate the road after the date of this declaration of homestead (1884). If the prosecution had sought to show a dedication by deed from him alone, this objection might have been good and the instrument admissible in evidence, but the dedication which is presumed from the adverse user by the public operated as an estoppel against the wife as well as the husband, and was independent of any question of homestead.

While the witness Lilly was under cross-examination on the part of the defendant he was asked whether the defendant maintained gates or bars across the road, and replied: "He had a gate along it. The board of supervisors allowed him to have it." Without making any objection to this answer counsel for defendant continued with his cross-examination upon this subject, and, after putting several other questions and receiving answers thereto, moved the court to strike out of the above answer that portion referring to the board of supervisors, upon the ground that it was not responsive, and also that it was not the best evidence. The court denied the motion, to which exception was taken. There was no error in this ruling. The objection should have been made immediately upon receiving the answer. By proceeding to question the witness in reference to his answer he waived the right to object to its admissibility. He was not at liberty to seek to overcome the answer by further questioning, and, if he failed therein, then ask to have it struck out of the evidence.

There was no error in admitting in evidence the petition of the defendant to the board of supervisors and the grant of a right of way signed by him. These instruments were relevant to the issue of dedication. Whether the route therein described was substantially the same as that of the road afterwards built was to be determined by the jury.

Whether the defendant destroyed the bridge "maliciously" was also a fact to be determined by the jury upon a consideration of all the evidence in the case. That he intended to destroy it was clearly shown, and if its destruction by him was a wrongful act it was done maliciously. (Pen. Code, sec. 7.) The court also fully instructed the jury that if

.the defendant honestly believed that the road was not a public highway, or that the bridge was not on a public highway, and that he had a right to destroy it, he should not be convicted. By their verdict of guilty the jury must have been satisfied that the defendant did not honestly have such a belief, and we cannot say that the evidence was such as to require them to find otherwise.

Whether the defendant was liable to the county in a civil action for damage done to the bridge was not an issue before the jury, and the court properly refused the instruction asked in reference thereto.

The judgment and order should be affirmed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Van Dyke, J., Angellotti, J., Shaw, J.

Hearing in Bank denied.