[Sac. No. 4695. In Bank.—August 18, 1933.]

THE DIAMOND MATCH COMPANY (a Corporation), Appellant, v. JAMES SAVERCOOL et al., Defendants; J. H. DAVISON et al., Respondents.

Fred C. Pugh for Appellant.

McCoy & Wetter and Wetter & Rankin for Respondents.

WASTE, C. J.—This is an action to quiet title to a road, approximately fifteen miles in length, running through plaintiff's timber lands in the Sierra Nevada Mountains in

Tehama County. The defendants Davison and Errington alone defended the action. Judgment went in their favor and plaintiff has appealed.

Plaintiff contends that the road is a private road and that defendants' use thereof has been permissive only and not such as to give rise to any right. Defendants urge that it is a public road, dedicated as such by many years' user, and that the plaintiff is estopped to deny its public character.

At the conclusion of the trial the court found that the defendants and other persons, and the public generally, have repeatedly used the road; that such user has been open, notorious and adverse to the plaintiff and under claim of right; that such user has been uninterrupted since 1870; that plaintiff, by means of a gate and lock, has attempted to interfere with but has never wholly prevented the use of the road by the public; that it is a public road dedicated as such by the plaintiff, and its predecessors in interest; that the defendants, their predecessors in interest, the public generally, and the board of supervisors of Tehama County, have accepted such dedication; that the lands of the contesting defendants can be reached by vehicle only by said road; that the defendants acquired and improved their lands in the belief that the road was a public road; that during the improvement of said lands the plaintiff at no time asserted that the road was a private road; that had they been so informed defendants would not have improved their lands; that without the use of said road the lands of the defendants would be practically valueless; and that the plaintiff is estopped to assert that the road is a private road.

Plaintiff contends that these findings are unsupported by the evidence. While there is considerable conflict in the evidence, defendants' showing is ample to warrant the findings and conclusions of the trial court. Under elementary rules of appellate procedure, we are bound by the findings of the lower court.

The witness McKenzie, called by the defendants, testified that he had lived in Tehama County over sixty years; that he first went over the road in question in 1870; that he then lived in the vicinity and hauled produce over the road many times. James Savercool, called by the defendants, testified that he lived in Mill Creek Canyon and that over a period

of twenty-five years had used the road many times and had seen others using it during all of that time; that there was no other road capable of accommodating vehicles in this territory. A son of this witness substantiated much of his father's testimony. The witness Gallagher testified that he purchased land in the vicinity of the disputed road in 1918; that there was then no obstruction on or across the road; that he had no knowledge of the fact that anyone claimed the road as a private road until 1924, when a gate was placed across the road; that the gate was closed only during the deer-hunting season; and that he repeatedly used the road. The defendant Davison testified that he purchased his property in 1923; that the road was then free of barriers of any kind; that at the time of purchase he spoke to agents and employees of the plaintiff and no one stated or intimated that the road was not a public way; that he and others having occasion to use the road did so many times without interference; that he improved his property with materials purchased from the plaintiff and was at no time informed that the road was claimed by it as a private road; that the plaintiff placed a gate across the road at its present location in 1928; and that the road in question is the only means of ingress and egress by vehicle to and from his property. The witness Kopplin, county clerk of Tehama County, produced the official record of the minutes of the board of supervisors of the county, wherein it appeared under date of May 5, 1879, that one D. Howard was directed to remove all obstructions from the road in question and under date of June 9, 1879, the county road-master was directed to open the road and remove all obstructions therefrom. There is also evidence to the effect that persons using the road had from time to time worked on it, and that the forestry service occasionally runs a grader over it. In 1922 a portion of the road was re-routed by the federal government at government expense and the same has been since used by the public generally.

The foregoing, and other evidence to which reference need not be made, amply supports the findings and conclusions of the court below. To constitute a valid and complete dedication there must be an intention by the owner, clearly indicated by his words or acts, to dedicate the lands to public use (*City of Venice* v. *Short Line Beach L. Co.,*

180 Cal. 447, 450 [181 Pac. 658]), and an acceptance either by public user or formal resolution. (*Brown* v. *Bachelder*, 214 Cal. 753 [7 Pac. (2d) 1027].) ▉ The intention to which courts give heed is an intention manifested by the owner's acts and finding expression in his conduct. (*City of Los Angeles* v. *McCollum*, 156 Cal. 148 [103 Pac. 914, 23 L. R. A. (N. S.) 378].) It may be either express or implied, and is implied when the acts and conduct of the owner indicate clearly an intention to devote the land to the public use. (*People* v. *Myring*, 144 Cal. 351, 354 [77 Pac. 975].) The law will imply an intention to dedicate from long acquiescence in the use of land for highway purposes, for it is settled that the common-law rule as to the presumption of dedication by adverse user is applicable in this state. (*Schwerdtle* v. *County of Placer*, 108 Cal. 589, 592 [41 Pac. 448].)

In *People* v. *Myring, supra*, it is declared: "The dedication of a road as a public highway is the setting it apart by the owner of the land for the use of the public, and the subsequent use thereof by the public operates as an acceptance of the same and makes it a public highway. Such dedication may be express, as by a grant to the public, or it may be implied from the circumstances under which the road is set apart and used. The adverse user of the road by the public with the knowledge of the owner for a period of time corresponding to that fixed for conferring a title by prescription establishes as against the owner a presumption of dedication. 'It affords the conclusive and indisputable presumption of knowledge and acquiescence, while at the same time it negatives the idea of mere license.' "

▉ Of course, where the dedication of a highway is sought to be established by user, it must be shown that the user was adverse, continuous and with the knowledge of the owner, for the required period of time. (*City of San Diego* v. *Hall*, 180 Cal. 165, 168 [179 Pac. 889].) So far as the element of time is concerned, periods varying from five to forty years have been held sufficient. (*Plummer* v. *Sheldon*, 94 Cal. 533 [29 Pac. 947]; *Barnes* v. *Daveck*, 7 Cal. App. 487 [94 Pac. 779].) The adverse character of the use and the knowledge and acquiescence of the owner may be inferred from circumstances, and long-continued adverse user establishes against the owner the conclusive presumption of

knowledge and acquiescence. (*Schwerdtle* v. *County of Placer, supra; People* v. *Myring, supra.*)

█ Though conflicting, there is substantial evidence in the record now before us to establish, in accordance with the trial court's findings, that the defendants and the public generally over a long period of years, have openly, adversely and under claim of right, used for highway purposes a definitely defined strip of land running through plaintiff's property, and that not until 1924, approximately fifty years subsequent to its original use for that purpose, did the plaintiff or its predecessors object to or attempt to interfere with such user by the public. Under the authorities this is sufficient to show an implied intention to dedicate and an acceptance thereof by the public. In addition thereto the board of supervisors appears to have exercised jurisdiction over the road as early as 1879. Plaintiff's tardy attempt to interfere with the public use of the road has proved unavailing and has not resulted in a loss of such right by nonuser for there is evidence in the record tending to indicate that those members of the public having occasion to use the road continued to do so after plaintiff's attempted obstruction of the same, in some instances the lock having been shot from the gate erected by plaintiff.

█ In conclusion, it should be added that so far as the contesting defendants are concerned, the evidence tends to show that they, to plaintiff's knowledge, acquired and improved their lands in reliance on an apparent dedication of the road. At no time did the plaintiff or its agents inform defendants that the road was claimed as private property. Under the circumstances the court below properly found that the plaintiff is estopped to deny the public character of the road.

For the foregoing reasons the judgment is affirmed.

Shenk, J., Thompson, J., Langdon, J., and Seawell, J., concurred.