[Civ. No. 3695.   Fourth Dist.   July 29, 1948.]

PHILIP  SANGER, Respondent, v. JAMES  D.  SOUTH-
WORTH et al., Appellants.

Solon S. Kipp and W. E. Starke for Appellants.

William Napier Gilliam and Donald A. Stewart for Re-
spondent.

MARKS, J.—This is an appeal from a judgment decreeing that the northerly 15 feet of property owned by defendants in San Ysidro in San Diego County, is subject to an easement in the plaintiff for egress and ingress as a part of an easement for public street purposes and enjoining defendants from blocking or in any way interfering with the passage of plaintiff or his agents or assigns over the easement.

We have had considerable difficulty in understanding the evidence and in determining the factual situation involved in this case because of the manner in which it was tried.

Evidently in the trial court a map (plaintiff's Exhibit 2) was used by the witnesses to illustrate their testimony. The plaintiff and other witnesses, evidently pointing to this map, testified that certain things like pavement, street grading, sand and gravel on the way, sidewalks, etc., were here or there or ran from here to here or here to there. There is nothing on the map or in the record to indicate where "here" or "there" might be. While this evidence was understandable to the trial judge who saw the witnesses pointing out "here" or "there" on the map, it means little to us here.

A careful study of the record and the exhibits leaves us uncertain about much of the evidence in this case. However, counsel for plaintiff, in his brief, has set forth facts that to some extent are enlightening. As those statements are not contradicted by defendants in their brief we will assume their correctness. Our statement of facts will be based on those parts of the record we can understand, supplemented by the statements of counsel in his brief. If errors occur in our statement it should be remembered that we are trying to do the best we can with an unsatisfactory record on appeal.

Plaintiff acquired Lot A-99 in San Ysidro in 1929, and has occupied a considerable portion of it ever since. In 1930, he sold a portion of this land to his nephew who subsequently sold the same portion to defendants. The deed from plaintiff and his wife to his nephew contained the following: "Reserving to the grantors the right to dedicate the East 15 feet thereof, and the North 15 feet thereof to the public for road purposes." Probably some time in 1944, or shortly thereafter, defendants constructed a fence across the north 15 feet so reserved. Plaintiff removed this fence and brought this action on September 28, 1945.

Lot A-99 is triangular in shape. It is bounded on the east by Lot A-98, on the north by a 20-foot alley and on the southwest by another 20-foot alley. With its east line about 95

feet west of the east line of Lot A-99, is a 30-foot strip joining the two alleys mentioned. It runs north and south and includes the 15-foot reservation off from the east side of defendants' property. This is referred to as Sanger Place. About 70 feet south of the south line of the alley bounding Lot A-99 on the north is the north line of what we will refer to as East and West Sanger Place. It is 30 feet wide and about 60 feet long. It dead-ends at right angles in Sanger Place. Defendants' property lies south and west of the center line of Sanger Place and East and West Sanger Place. It has an extreme north and south dimension of about 125.97 feet, including the reservation and an east and west dimension of about 75 feet also including the reservation. The alley forming the southwesterly boundary of Lot A-99 forms the southwesterly boundary of defendants' land. Their residence is on this property. Plaintiff owns the balance of Lot A-99 with his residence just north of East and West Sanger Place, over which he enters his home. At least the south half of Sanger Place is and has been paved for some years and East and West Sanger Place has been graded and improved with sand and gravel and a cement sidewalk has been constructed on its north side. Plaintiff testified that he traveled over these places without hindrance or objection and that they had been used by the public without objection for over 15 years.

Defendants argue in effect that the quoted reservation only reserved to the plaintiff the right to dedicate the reserved land to the public for road purposes, which is correct. From this they argue that there is no evidence of any such dedication by plaintiff or acceptance thereof by the public. This argument is not supported by the record although there is no evidence of an express dedication by plaintiff.

An intent to dedicate may be shown by a writing or by acts of the owners. The dedication may be either express or implied. (9 Cal.Jur. 19.) It is implied when the acts of the owner indicate a clear intention to dedicate. (*People* v. *Myring*, 144 Cal. 351 [77 P. 975].) As said in 9 California Jurisprudence, page 41:

"Where the public, or such portion of it as has occasion so to do, travel a road, with full knowledge of the land owners interested, without asking or receiving permission and without objection, for a period of time beyond that required to bar a right of action, a right in the public to the use of the road arises by implied dedication."

■ Acceptance of an implied offer to dedicate may be manifested by user. As said in 9 California Jurisprudence, page 58:

"To constitute an acceptance of an offer of dedication by user, it must appear that the use by the public was under a claim of right, and not by temporary license of the owner. It must appear also that the user is for the purpose intended and manifested by the owner in his offer, and for the purpose which the land is fitted or intended to serve. Thus the public use of a cul-de-sac ending in a creek, to take horses to water, and to reach the rear of a storeroom abutting on the alley, is a sufficient acceptance thereof."

■ The evidence in this case clearly supports the conclusion of the trial judge to the effect that the reserved land had been dedicated to public use and that the offer to dedicate had been accepted by the public by user for more than 15 years. The argument that the public had not used the full width of the reserved property at all times can avail defendants nothing. (*Santa Ana* v. *Santa Ana Valley Irrigation Co.*, 163 Cal. 211 [124 P. 847].)

■ Defendants also complain of rulings of the trial judge in overruling their objections to questions which sought to learn from plaintiff his intention in making, and his understanding of the reservation in the deed to his nephew. If we assume these rulings to be error they cannot be held to be prejudicial because the evidence of implied dedication and acceptance by user is too complete and convincing to permit the belief of prejudice having resulted from them. Therefore we cannot reverse the judgment because of technical errors. (Const., art. VI, § 4½.)

The judgment is affirmed.

Barnard, P. J., concurred.