[No. 12461.  In Bank. — March 16, 1889.]

# D. M. GLOSTER, RESPONDENT, v. ROBERT V. WADE, APPELLANT.

HIGHWAYS — PRESCRIPTION — MODOC COUNTY. — Section 2619 of the Political Code, as it stood prior to the passage of the amendments of March 30, 1874, providing that a highway might be acquired by user for more than five years continuously, was not changed or affected by said amendments so far as concerned Modoc County; and in that county, in an action brought in the year 1886 against a road overseer to enjoin him for tearing down a fence of the plaintiff, the defendant should be allowed to show that it was erected across land which had been used continuously and uninterruptedly as a highway for twelve years last past.

APPEAL from a judgment of the Superior Court of Modoc County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Ewing & Claflin*, for Appellant, cited *Bolger* v. *Foss*, 65 Cal. 250; Potter's Dwarris on Statutes, 1st ed., pp. 113, note 9, 114, 117.)

*Goodwin & Jenks*, for Respondent.

The road overseer could not remove the obstruction when the encroachment was denied, but was limited to his action. (Pol. Code, secs. 2734, 2735.) There could not be more than one section 2619 of the Political Code in effect at the same time. Sections 20 and 325 of the same code forbid such construction. The amendments striking out "roads used as such for a period of five years" must affect alike every county in the state. An attempt to limit it to certain counties would violate section 11, article 1, of the old constitution.

FOOTE, C. — According to the allegations of the complaint in this action, Wade had torn down the fence on the land of Gloster, which the latter had replaced, and the former was threatening again to tear it down at a

certain point, and travel across the plaintiff's land, in violation of his rights and to his damage. An injunction restraining the defendant from doing the injuries threatened, and for the recovery of damages for the alleged trespass already committed, were prayed for.

The defendant denied all the material allegations of the complaint, and set up by way of justification and defense for his alleged acts that they were done in accordance with law, in pursuance of an order from the board of supervisors of the county, he being a road overseer, and that the land alleged to have been intruded upon by him had become, and was by dedication, a public road and highway. The cause came on to be tried before a jury, which was discharged during the progress of the trial by the court, for sufficient reasons.

That tribunal then proceeded to hear the cause, made its findings of fact, and rendered judgment for the plaintiff as prayed for, except for damages, which were expressly waived; from which, and an order denying a new trial, defendant appeals.

The whole matter turns upon the point as to whether or not there had been for some twelve years immediately prior to the trespass complained of any law upon the statute-book applicable to the county of Modoc, by which the public could by user acquire a right to a highway as such. The court below held no such law to exist, or to have existed within that time.

The appellant's contention is, that such a law did exist, and was operative in this cause, by means of which the public, by the use of the land in question continuously for more than five years, had acquired it as a public road and highway in Modoc County; that the dedication of it as a highway was complete.

In section 2619 of the Political Code (as it existed up to the passage of the act of March 30, 1874, which latter act is found at page 116 of Amendments to the Codes, 1873 and 1874), it is provided, among other things, that

"all roads used as such for a period of more than five years are highways."

The section was amended by the act *supra* to read as follows:—

"Sec. 2619.   Roads laid out and recorded as highways by order of the board of supervisors are highways. Whenever any corporation owning a toll-bridge, or a turnpike, plank, or a common wagon road, is dissolved, or has expired by limitation or non-user, the bridge or road becomes a highway."

Section 38 (page 129) of the same act provides: "This act shall apply only to the following named counties: Calaveras, Santa Barbara, San Luis Obispo, Ventura, Fresno, Kern, Tehama, Contra Costa, Marin, Lake, Sierra, Plumas, Sacramento, Sutter, Mendocino, Mariposa, Alameda, and Lassen; *provided*, that this act shall not be in force and effect in Solano, Los Angeles, San Joaquin, and Yuba counties until the first Monday of March, eighteen hundred and seventy-six (1876)."

The effect of these provisions of law taken together is, as we think, that section 2619, *supra*, remained, for the purpose of this action, unaffected by the act *supra*, so far as concerned Modoc County.   In that county, during the twelve years immediately prior to the trespass complained of, a highway might have become such to all intents and purposes by user on the part of the public for more than five years continuously.

This, among other questions, seems to have been involved in the case of *Bulger* v. *Foss*, 65 Cal. 251, where the dedication by user of a highway in Humboldt County was under consideration, which county occupied the same position with relation to section 38 of the act *supra* as did Modoc County, where the highway now in hand is located.   Although the point was not directly adverted to, the appellate court appears to have taken the view of the matter which we do.

The defendant ought, therefore, to have been permitted

to introduce his proffered evidence that the land in dispute had been used continuously and uninterruptedly as a highway by the traveling public for the "last past twelve years."

The matter was clearly within the issues raised by the pleadings, after the amendment had been made to the defendant's answer.

For the error committed in not admitting the evidence as offered, the judgment and order should be reversed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed.

Rehearing denied.