[No. 15538.    Department One.—October 31, 1894.]

# JOHN B. H. COOPER, APPELLANT, v. MONTEREY COUNTY, RESPONDENT.

104  437
108  598
104  437
125  578
104  437
d141 349

DEDICATION OF HIGHWAY—FINDINGS—PROBATIVE FACTS—LICENSE.—A finding that a strip of land was traveled and used by the public with the knowledge of plaintiff, and without objection on his part, is only the finding of probative facts not necessarily inconsistent with the total absence of intention to dedicate, and does not constitute a finding of the fact of a dedication, but may indicate merely a license.

ID.—PUBLIC HIGHWAY BY USER.—The use of a strip of land as a highway for a period less than three years prior to the repeal of section 2619 of the Political Code, which was repealed March 30, 1874, is not sufficient to show the existence of a public highway.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order denying a new trial.

The facts are stated in the opinion.

*S. F. Geil*, for Appellant.

*Zabala & Kearney*, for Respondent.

VANCLIEF, C.—Action to quiet plaintiff's title to a tract of land containing about two thousand acres situate in the county of Monterey. The defendant, by its answer, disclaimed any title or interest in the land,

except to a defined strip thereof, forty feet in width, extending across the tract, which it alleged was a public highway, and as such was under the supervision and control of the defendant for the use of the general public; and that it had been traveled and used as a public road by the general public during a period of thirty years next before the commencement of the action.

The court found that a part of said strip, twenty feet in width, extending across the tract, "has been continuously and uninterruptedly traveled and used by the general public as and for a public road or highway ever since 1872; and that "the same is a public highway"; and "that such use of said portion of said land as a road or highway by the general public has been with the knowledge of plaintiff and without objection on his part." Thereupon, to that extent, and for the use of the public as a road, the court adjudged that defendant's title be quieted.

From this judgment, and from an order denying his motion for a new trial, the plaintiff appeals.

Counsel for appellant contends that the findings of the court above stated are not justified by the evidence.

The finding that the strip of land in question was traveled and used by the public ever since 1872, with the knowledge of plaintiff and without objection on his part, is only the finding of probative facts tending to prove a dedication; but the fact of dedication, which, by the way, is neither alleged nor found, does not necessarily follow from these probative facts, since they are not necessarily inconsistent with a total absence of intention to dedicate, and may indicate merely a license.

The finding that the strip of land "is a public highway," whether deemed an ultimate fact or a conclusion of law, is not justified. As an ultimate fact it is not justified by the probative facts found, nor by the evidence; since the evidence tended to prove only those probative facts, there being no evidence tending to prove that the strip of land ever became a public highway otherwise than by dedication, and no allegation or claim of adverse

user or of title by prescription. Considered as a conclusion of law this finding is unwarranted by the findings of fact, which fail to show that the alleged road ever became a public highway in any mode provided by law.

The theory upon which respondent's counsel endeavor to support the judgment is based upon that part of section 2619 of the Political Code as it took effect January 1, 1873, which reads as follows: " All roads used as such for a period of five years are highways." And they contend, on the authority of *Gloster* v. *Wade*, 78 Cal. 407, that this provision was not amended nor repealed until 1883; and that, since the road in question was found to have been used continuously as a public road more than five years before this provision of the code was repealed, the conclusion of law that it " is a public highway" is correct.

But unfortunately for this theory the case of *Gloster* v. *Wade*, 78 Cal. 407, has been overruled since this appeal was taken, in the case of *Huffman* v. *Hall*, 102 Cal. 26, in which it was decided that section 2619 of the Political Code was repealed March 30, 1874, less than three years after the commencement of the user of the road in question by the public.

Thus far the case has been considered without regard to the evidence on behalf of the plaintiff, which tends to show that the road was used by the public only by a license from plaintiff's tenants which was unauthorized by him, and that the width of the strip used by the public did not exceed ten feet. It was also proved that no work was ever done on the road for the purpose of opening, improving, or repairing it, except what may have been done by plaintiff's tenants, who were in exclusive possession during the whole period of user by the public, for their own use and convenience. The evidence on the part of the defendant was sufficient to justify the finding as to the user by the public with the knowledge of plaintiff and without objection from him, but nothing more in favor of defendant. As this finding is obviously insufficient to support the judgment, I

think the order and judgment appealed from should be reversed, and the cause remanded for a new trial.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and the cause remanded for a new trial.

           HARRISON, J., GAROUTTE, J., VAN FLEET, J.

Hearing in Bank denied.