### SUTTON v. NICOLAISEN et al.

Sac. No. 56; May 1, 1896.

44 Pac. 805.

**Highways—What Constitute—User.—Occasional Travel** on a road across government land, which has never been laid out, recorded or worked as a public road, will not constitute it a highway.

**Highways—Establishing by User—Repeal of Statute.**—The provision of Political Code, 1876, section 2619, as originally enacted, that "all roads used as such for a period of five years are highways," was repealed by act of March 30, 1874, as to all counties, though the amendment was in terms made applicable to certain counties only.

APPEAL from Superior Court, Placer County; J. E. Prewett, Judge.

Action by Richard T. Sutton against Christian Nicolaisen and others. Judgment for plaintiff and defendants appeal. Affirmed.

Ben P. Tabor for appellants; A. K. Robinson for respondent.

BELCHER, C.—The plaintiff brought this action to recover damages for trespasses committed by defendants by entering on his land, and tearing down about thirty feet of his boundary line fence, and digging up the soil, and destroying the grass and vegetation growing thereon, and also to obtain an

injunction restraining defendants from repeating the said trespasses, and from constructing, as they threatened to do, an open road through and across plaintiff's said land. The defendants, by their answer, denied that they had committed, or threatened to commit, any trespasses upon the land of the plaintiff, or that he had been damaged in any sum whatever; and they alleged that for more than thirty years there had been a public highway, forty feet wide, the line of which was specifically described, over and across the land of plaintiff, which had been continuously used by the traveling public during all of said time; that defendants were residents and taxpayers in the county in which the road is situated, and were accustomed to pass on foot and with vehicles over the same to their postoffice and market place; "that on or about the third day of April, 1894, said open traveled way was, by some person, obstructed by a wire fence constructed across the same, and by trees felled across the boulders rolled into said road or way, totally preventing the defendants from traversing the same; that defendants carefully, and with as little injury as possible, removed said obstructions from said road or way; and that said acts are and constitute the pretended trespass complained of by plaintiff." The case was tried without a jury, and the court found that all the averments of the complaint, except as to the amount of damages sustained, were true, and that all the denials and averments in the answer were untrue; that plaintiff had been damaged by the wrongful and unlawful acts of defendants in the sum of $20; "that said defendants, if not restrained, will do plaintiff irreparable injury, and plaintiff has no adequate remedy at law"; "that the land described in defendants' answer is not a public highway"; and "that the defendants, or either of them, have no interest, easements, or right of way therein." Judgment was accordingly entered, awarding the plaintiff damages in the sum of $20 and a perpetual injunction, as prayed for. From this judgment and an order denying their motion for a new trial the defendants appeal. In support of the appeal, it is earnestly contended that the findings were not justified by the evidence and that the judgment should therefore be reversed.

The principal question involved in the case and presented for decision is: Was or was not the strip of land described in the answer shown by the evidence to be a public highway? It was proved that respondent settled upon his land in 1881,

and obtained a United States patent therefor in December, 1893. In behalf of appellants it was proved that one of their number laid out a road over the said strip of land in 1874, and that he and a few other persons occasionally used it thereafter, up to near the time of the alleged trespass, for hauling wood, lumber, and some other freights, for driving livestock, and for passing over it on foot and in vehicles. It does not appear that any road across respondent's land was ever laid out and recorded as a highway; and, in rebuttal, it was proved that the alleged road was only from seven to nine feet wide, and that the roadmasters of the district in which it is situated had never done any work upon it as a public road. To sustain their theory that the road was a public highway, counsel for appellants rely upon section 2477 of the United States Revised Statutes, and upon section 2619 of the Political Code, as it was originally enacted. The first section above named provides: "The right of way for the construction of highways over the public lands, not reserved for public use, is hereby granted." This section simply grants a right of way for roads, but the question whether a road has been so constructed as to make it a public highway is one that can be solved only by a consideration of the laws of the state. The second section above named provided: "Roads laid out and recorded as highways by order of the board of supervisors, and all roads used as such for a period of five years, are highways." This section was amended by an act passed March 30, 1874, by striking out the words "and all roads used as such for a period of five years"; and, as thus amended, it remained in force until 1883, when the whole chapter upon the subject was repealed. It was provided, however, by the amendatory act, that it should apply only to certain named counties, of which Placer county, in which the road in question is situated, was not one. In Gloster v. Wade, 78 Cal. 407, 21 Pac. 6, the question was raised whether the said amendatory act had the effect to repeal the amended section of the code as to counties to which the act was not declared applicable. It was held that it did not have that effect, but that, as to all counties not named, the section as originally enacted remained in full force, notwithstanding the amendment. In Huffman v. Hall, 102 Cal. 26, 36 Pac. 417, in which the same question was again raised, a different conclusion was reached, and Gloster v. Wade was expressly overruled. And in Cooper v. Monterey

Co., 104 Cal. 437, 38 Pac. 106, the decision in the Huffman case was approved and followed. Counsel for appellants contend that the decision in Gloster v. Wade was a correct exposition of the law, and should be upheld, and that the two later decisions to the contrary should be overruled. This contention cannot be sustained. It appears that the question involved was very fully considered and ably discussed in the opinion rendered in the Huffman case, and that the decision was by the court in bank, five justices concurring. It also appears that the decision in the Cooper case was made by department 1 of the court, and that a rehearing in bank was asked for and denied. These decisions must therefore be accepted as the well-considered and latest expressions of the views of the court upon the question in hand, and as correct expositions of the law upon the subject. It follows that the court below was justified in finding that the strip of land described in the answer was not a public highway, and that the judgment and order appealed from should be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.