## HARTLEY v. VERMILLION et al.[*]

### Sac. No. 951; October 4, 1902.

#### 70 Pac. 273.

Highways—Dedication.—Use by the Public Generally of a Road for fifteen years, to the knowledge and with the acquiescence of the owner of the land on which it is located, does not show a dedication.[1]

Highway—Prescription.—A Permissive Use of a Road, without anything to show the owner an adverse claim, will not give a right by prescription.[2]

APPEAL from Superior Court, Solano County; A. J. Buckles, Judge.

Action by Eliza M. E. Hartley against Frank M. Vermillion and another. Judgment for plaintiff and defendants appeal. Reversed.

Raleigh Barcar and O. R. Coghlan for appellants; Wheaton & Kalloch and Geo. A. Lamont for respondent.

GAROUTTE, J.—This action was brought to restrain the defendants from obstructing a road which plaintiff alleged was a public highway. The court found as a fact that the

---

[*]For subsequent opinion in bank, see 141 Cal. 339, 74 Pac. 987.

[1] Cited and approved in Garvin Co. v. Lindsay Bridge Co. (Okl.), 124 Pac. 326, where it is held that a company's permitting the public to use its bridge does not amount to a dedication.

Cited with approval, and applied to the question of water rights, in Village of Hailey v. Riley, 14 Idaho, 494, 17 L. R. A., N. S., 86, 95 Pac. 691.

Cited in the note in 129 Am. St. Rep. 582, on dedication to a public street.

[2] Cited and followed in Board of Commrs. of Sheridan County v. Patrick, 18 Wyo. 139, 104 Pac. 533, which involved the question of the rights of highway as acquired by prescription.

road was a public highway, and granted the relief asked. The appeal is taken from the order denying a motion for a new trial.

Some point is made that the road is a statutory private road, but, in view of the fact that it was never opened and laid out in accordance with the provisions of the statute relating to the laying out of private roads, there is nothing in that point; and the single question presented relates to the sufficiency of the evidence to sustain the findings of fact. The evidence in all substantials is uncontradicted, and, weighing that evidence in the balance furnished by the law, the court is convinced that it fails to support the finding of fact to the effect that the road was a public highway. The evidence of plaintiff is all to the effect that the people generally had used the road in dispute for fifteen years or more, to the knowledge and with the acquiescence of the defendants, the original owners of the land upon which the road is located; and this is all. Cooper v. Monterey Co., 104 Cal. 438, 38 Pac. 106, 107, was just that kind of a case, and there the court said: ''The finding that the strip of land in question was traveled and used by the public ever since 1872, with the knowledge of plaintiff, and without objection on his part, is only the finding of probative facts tending to prove a dedication; but the fact of dedication—which, by the way, is neither alleged nor found—does not necessarily follow from these probative facts, since they are not necessarily inconsistent with a total absence of intention to dedicate, and may indicate merely a license. The finding that the strip of land 'is a public highway,' whether deemed an ultimate fact or a conclusion of law, is not justified.'' In the same case the court also said: ''The evidence on the part of the defendant was sufficient to justify the finding as to the user by the public with the knowledge of plaintiff, and without objection from him, but nothing more in favor of defendant. As this finding is obviously insufficient to support the judgment, I think the order and judgment appealed from should be reversed.'' While the court finds a statement in Hope v. Barnett, 78 Cal. 14, 20 Pac. 245, which might be construed as supporting the doctrine that mere user of a highway with knowledge of the owner, and with his consent, or without objection upon his part for a certain period of time, creates a dedication, yet such cannot be said to be the law in this

state. Dedication is a pure question of fact. The intention of the owner to dedicate is a vital element in every case, and that intention also is a pure question of fact. A mere permissive user, by the owner, of land for a highway, never can amount to a dedication. That is a user by license, and nothing more, and of itself never would ripen into a dedication, no matter how long continued. An expression is found in Schwerdtle v. Placer Co., 108 Cal. 596, 41 Pac. 448, to the effect that a conclusive presumption of dedication to the public arises from long-continued adverse user. Technically speaking, this statement does not contain a sound expression of the law. Long-continued adverse user by the public may create an easement in that public by prescription, but it cannot amount to dedication. It is not plain that the user of a highway by the public could be adverse if the owner consented to the user; and dedication always involves the assent of the owner of the land. If he objects to the use, if the use is against his assent, that fact disproves any intention upon his part to dedicate. It is said in City of Los Angeles v. Kysor, 125 Cal. 465, 58 Pac. 91: "In all those cases where it is claimed that a dedication is created in pais it may be said that there is no amount of evidence which will justify a court in instructing a jury that dedication is conclusively shown. The owner's intention is the all-important element in creating a dedication, and that intention is a question of fact. It never can be a matter of law. Hence, when the particular intention in doing an act is the all-important element involved in the trial of a question of fact, it is peculiarly the province of the jury or the trial court to say what that intention is." A dedication of land for a highway is an appropriation of it by the owner for that purpose. It is perfectly evident that the appropriation of the land by the public is not a dedication, and, to justify a finding of fact by a trial court that the owner has dedicated his land to public use as a highway, the evidence must be plain and convincing that such was his intention. It is said in San Francisco v. Grote, 120 Cal. 62, 65 Am. St. Rep. 155, 52 Pac. 128, 41 L. R. A. 335: "It is not a trivial thing to take another's land without compensation, and for this reason the courts will not lightly declare a dedication to public use. It is elementary law that an inten-

2

tion to dedicate upon the part of the owner must be plainly
manifest.'' And while long-continued user without objec-
tion, and with the knowledge and consent of the owner, is
some evidence of a right in the public, still there must be
joined to that user an intention upon the part of the owner
to dedicate, or no dedication will be consummated; for the
long-continued user by the public without objection by the
owner is entirely consistent with a license to the public to
use the land, and therefore evidence of long-continued user
alone will not support a finding of fact that a dedication was
created. Neither will a finding of fact of mere long-
continued user support a conclusion of law that a public
highway was created. As previously stated, in order to con-
stitute a dedication of a highway by evidence in pais, there
must be convincing evidence that the owner intended to
appropriate the land to the public use. The present case
shows mere user by the public for a long number of years.
This evidence does not amount to a dedication; but, beyond
this, the evidence of the defendants shows clearly that they
never intended to dedicate these lands for a public highway.
For many years the road was obstructed by gates, and during
all of those years they exercised acts of ownership over it en-
tirely inconsistent with an intention upon their part to dedi-
cate it to the public. They spent large sums of money
annually in improving it, and the county, whose business
it was to care for and improve and protect its public high-
ways, during all of these years never claimed any rights in
this road, and is not now a party to this litigation. The
court concludes that the evidence is too weak to support a
finding of fact to the effect that the land in dispute was a
public highway, created by the dedication of its owners.

Some claim is made that the public have obtained rights
to the road by prescription. There is nothing in this claim.
Time of user is not a material element in creating a dedica-
tion of a highway; but, for the public to acquire an easement
in land by prescription for a highway, it is a most material
element. Yet continued user by the public for the statutory
period of limitations is not sufficient to vest rights. As in all
other cases of title acquired by prescription, the user must
be adverse. A permissive user will never ripen into a right
by prescription. In this case there was no adverse user and
no claim of right that this court can discover from the evi-

dence. Certainly, defendants never thought the public was claiming a right in this land adverse to them. They saw nothing to put them upon inquiry as to that kind of a claim. The claim of right, as in all other cases of adverse possession, must be open and notorious, and here there was nothing of that kind.

For the foregoing reasons the order denying a new trial is reversed and the cause remanded.

We concur: Harrison, J.; Van Dyke, J.