(March 12, 1908.)

## VILLAGE OF HAILEY, a Municipal Corporation, Respondent, v. W. T. RILEY, Appellant.

[95 Pac. 686.]

FINDINGS—INSUFFICIENCY—DEDICATION.

1. Water applied to a desert entry for the purpose of reclaiming the same does not become inseparable therefrom, and may be conveyed separate and apart from a conveyance of the land.

2. The making and filing of a plat laying out a townsite upon a desert entry will not dedicate to the public the water used upon the streets and alleys of said townsite, under a water right subsequently located and acquired.

3. A finding that a desert entryman and his successors in interest intended that the occupants of a townsite should have the free use of water on the streets of such townsite is not sufficient to show a perpetual dedication of said water to a public use.

4. A finding "That the use of water on the streets of a townsite is necessary for a reasonable enjoyment of the streets and private rights, and public convenience and accommodation would be materially affected by an interruption of the use of the water on the streets of said townsite," is not sufficient to show an intention to dedicate, or the fact of dedication of such water perpetually to a public use.

5. Where the findings of fact show a long-continued use with the knowledge of the owner of water upon streets and alleys of a municipality, such findings are not inconsistent with a permissive use and a license to use the same, and do not show an intention to perpetually dedicate the same to a public use.

6. To constitute dedication by user, it is necessary to find the probative facts which of themselves constitute dedication, or the ultimate fact of dedication. It is not enough to find facts which merely have a tendency to prove dedication; the use found to exist must be inconsistent with a permissive use or a mere license.

7. In an action to quiet title to an easement in a ditch, and the right to use water flowing therein, where the answer interposes as a defense the statute of limitations under sections 4036 and 4037, Rev. Stat., it is incumbent upon the trial court to make a finding upon such defense, unless a finding thereon would not affect or control the judgment or call for a different judgment than authorized by the findings made.

8. Where the findings and conclusions of law do not support the judgment, the judgment will be reversed.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District for Blaine County, Idaho. Hon. Lyttleton Price, Judge.

An action to quiet title to an interest in a ditch, and the water carried through said ditch. Judgment for plaintiff. *Reversed.*

R. M. Angel, and Richards & Haga, for Appellant.

Dedication should not be presumed without evidence of an unequivocal intention to dedicate. (Angell on Highways, sec. 147; 9 Am. & Eng. Ency. of Law, 36; Tiedeman on Mun. Corp., sec. 219; 2 Abbott on Mun. Corp., sec. 728.) There is no presumption in favor of dedication. (*Warden v. Blakeley,* 32 Wis. 690; *Quinn v. Anderson,* 70 Cal. 454, 11 Pac. 746; *Tate v. Sacramento,* 50 Cal. 242; *Hogue v. City of Albina,* 20 Or. 182, 25 Pac. 386, 10 L. R. A. 673; *Lownsdale v. Portland,* 15 Fed. Cas. No. 8579, Deady, 39; *Commonwealth v. Coupe,* 128 Mass. 63; *Hartley v. Vermillion* (Cal.), 70 Pac. 273.)

The mere permissive use of private property by the public is invariably held to be only a license. The presumption of law is that the user by the public was not adverse and hostile to the owner nor based upon a dedication wherein the owner intended to surrender, without consideration, his property for the use of the public, and such use, no matter how long continued, does not establish a dedication. (*Davis v. Clinton,* 58 Iowa, 389, 10 N. W. 768; *Mayberry v. Standish,* 56 Me. 342; *Jones v. Phillips,* 59 Ark. 35, 26 S. W. 386; *Hemingway v. Chicago,* 60 Ill. 324; *Wood v. Hurd,* 34 N. J. L. 88; *Daniels v. Almy,* 18 R. I. 244, 27 Atl. 330; *Tutwiler v. Kendall,* 113 Ala. 664, 21 South. 332; *Post v. Pearsall,* 22 Wend. 425.)

An intention on the part of the owner to dedicate is absolutely essential, and it must be clearly and unequivocally shown. (*State v. Adkins,* 42 Kan. 203, 21 Pac. 1069; *Tinges*

*v. Mayor etc. of Baltimore,* 51 Md. 609; *Hogue v. City of Albina,* 20 Or. 182, 25 Pac. 386, 10 L. R. A. 673; *Cal. Nav. etc. Co. v. Union etc. Co.,* 126 Cal. 433, 58 Pac. 936, 46 L. R. A. 825; *City of Denver v. Jacobson,* 17 Colo. 497, 30 Pac. 246; *Guttery v. Glenn,* 201 Ill. 275, 66 N. E. 305; *Starr v. People,* 17 Colo. 458, 30 Pac. 64; *Culmer v. Salt Lake City,* 27 Utah, 252, 75 Pac. 620; *Holdane v. Colo. Springs,* 21 N. Y. 477; *Bloomington v. Bloomington Cem. Assn.,* 126 Ill. 221, 18 N. E. 298; *Chicago v. Johnson,* 98 Ill. 618; *Lownsdale v. Portland,* Fed. Cas. No. 8579, Deady, 39.) The owner of a water right, whether by purchase or original appropriation, may dispose of it as he sees fit, either with or without the land on which it had formerly been used, the only limitation being that the water should always be applied to some beneficial use. (*Hard v. Boise Irr. & Land Co.,* 9 Ida. 589, 76 Pac. 331, 65 L. R. A. 407; *Johnson v. Little Horse Creek Irr. Co.,* 13 Wyo. 208, 110 Am. St. Rep. 986, 79 Pac. 22, 70 L. R. A. 341; Gould on Waters, sec. 234; Kenney on Irr., secs. 264, 265, and cases there cited; Long on Irrigation, sec. 79; 3 Farnham on Water and Water Rights, secs. 643, 679.)

McFadden & Brodhead, and Sullivan & Sullivan, for Respondent.

The use, with the assent of the owner, for such a length of time that the public accommodation and private rights may be materially affected by an interruption of the enjoyment, establishes a dedication. (*City of Macon v. Franklin,* 12 Ga. 239; *City of Chicago v. Wright,* 69 Ill. 318; *State v. Wilson,* 42 Me. 9; *Parrish v. Stephens,* 1 Or. 59; *Scranton v. Griffin,* 8 Leg. Gaz. 86; *Hughes v. Providence and W. R. Co.,* 2 R. I. 493; *Whittaker v. Ferguson,* 16 Utah, 240, 51 Pac. 980; *Saulet v. City of New Orleans,* 10 La. Ann. 81; *Abbott v. Mills,* 3 Vt. 521, 23 Am. Dec. 222; *State v. Catlin,* 3 Vt. 530, 23 Am. Dec. 230; *Watertown v. Cowen,* 4 Paige, 510, 27 Am. Dec. 80; *Case v. Favier,* 12 Minn. 89; 4 Law of Real Property, sec. 126.)

Where anything has been set apart for public use, and enjoyed as such, and private and individual rights have been acquired with reference thereto, an estoppel *in pais* arises

which precludes the owner from revoking such dedication. (*Cincinnati v. White's Lessee*, 31 U. S. (6 Pet.) 431, 8 L. ed. 452; *Haynes v. Thomas*, 7 Ind. 38; *Getchell v. Benedict*, 57 Iowa, 121, 10 N. W. 321; *Sarpy v. Municipality No. 2*, 9 La. Ann. 597, 61 Am. Dec. 221; *Leonard's Heirs v. City of Baton Rouge*, 38 La. Ann. 275; *Cole v. Sprowl*, 35 Me. 161, 56 Am. Dec. 696; *Schettler v. Lynch*, 23 Utah, 305, 64 Pac. 955; *Barclay v. Howell*, 6 Pet. (U. S.) 498, 8 L. ed. 477, *Lewis v. Portland*, 25 Or. 133, 42 Am. St. Rep. 772, 35 Pac. 256, 22 L. R. A. 736; *Ball v. Tacoma*, 9 Wash. 592, 38 Pac. 133; *Wolfskill v. Los Angeles Co.*, 86 Cal. 405, 24 Pac. 1094.)

If the use has been with the consent of the owner, for such a length of time that the public convenience will be materially affected by an interruption of that use, a dedication will be presumed. (9 Am. & Eng. Ency. of Law, 68; 13 Cyc. 482.)

The intent of the owner of the land is inferred from the fact that the user was with his knowledge and consent, and that had he not intended to make a dedication he would not have allowed the use; likewise, from general user by the public follows the inference of an acceptance by the public. (9 Am. & Eng. Ency. of Law, 66.)

By implication, the grant of property or of a right or easement carries with it whatever is incident to it, and necessary to its beneficial enjoyment. (*Smith v. Cooley*, 65 Cal. 46, 2 Pac. 880; *Clark v. Duvall*, 15 Cal. 86; *Cave v. Crafts*, 53 Cal. 135; *Hodgson v. Field*, 7 East, 613; *Dand v. Kingscote*, 6 Mees. & W. 175; *Scheel v. Alhambra etc. Co.*, 79 Fed. 825; *Lampman v. Milks*, 21 N. Y. 505; *Harris v. Elliott*, 35 U. S. 25, 9 L. ed. 333; 14 Cyc. 1166, and cases cited in note; 14 Cyc. 1201, and cases cited in note; Civ. Code, sec. 2407; Pol. Code, sec. 1141; 2 Farnham on Waters and Water Rights, 2444, 2445.)

When the dedication of the street was made and accepted by the public, there were on the street certain ditches, and in those ditches water was conveyed along the streets and used for irrigating the trees and for other street purposes. Whether the users were lot owners or not, the question arises whether this water as used is necessary to the beneficial en-

joyment of the streets. This question can only be answered in the affirmative.

Counsel for appellant has cited a number of cases in support of his contention that a water right obtained for the irrigation of land may be sold separate therefrom, but it will be seen that in those cases the precise point involved here was not raised. In none of them does it appear that the land was acquired under the provisions of the desert land act.

STEWART, J.—This is an appeal from the judgment. The record presented to this court consists of the judgment-roll and a statement of the case settled and allowed by the trial court.

The plaintiff alleges in the complaint that it is the owner and in possession of a public easement of an undivided one-ninth interest in a certain ditch, and has the right to convey in said ditch known as the Big Ditch, taking water from Wood river, in Blaine county, Idaho, 700 inches of water through said ditch and laterals; that it is the owner and in the possession of all ditches and laterals for the purpose of conveying water along, over and upon the lots, blocks, streets and alleys of Hailey; that it is the owner of a public easement, and in the possession and entitled to the right to use 700 inches under four-inch pressure, of the waters of Big Wood river, through said ditch and laterals, for irrigation and domestic purposes. It is then alleged that the defendant claims some interest in said property which is without any right whatever. Plaintiff demands judgment that the defendant set forth his claim to said property, and that a decree be entered adjudging that he has no interest in said property, and that the plaintiff's title is good and valid, and that the defendant be enjoined from asserting any claim to said property.

The defendant puts in issue the allegations of the complaint by denials, and alleges that in April, 1883, the Oregon Land and Improvement Company located and appropriated a water right to the extent of 6,000 inches of water out of the waters of Wood river, and constructed the canal mentioned in plaintiff's complaint, known as the Big Ditch, for the pur-

pose of carrying and conveying said water to the place of intended use, and prosecuted said work diligently until the same was completed to the full carrying capacity appropriated. That this defendant and his predecessors in interest have, for more than twenty years, been in the sole, exclusive, complete, absolute and undisputed control, possession and management of said ditch, and of the laterals connected with or used in connection therewith, and of the water flowing in, or carried, or conducted through said ditch and laterals, to the full capacity of said ditch, to wit, 6,000 inches; that for more than twenty years before the commencement of this action the defendant and his predecessors in interest have been the sole, exclusive, absolute and undisputed owners of said ditch and laterals, and said water right and water appropriation, to the full capacity of said ditch and laterals, and during all this time have exercised and enjoyed all the power and rights of ownership in fee, and during all of said time have received and collected for their sole and exclusive use and benefit the rents, profits and income from the use of said property; that through mesne conveyances, said property has been transferred and conveyed by the original owner and locators to this defendant, who is now the sole, exclusive and absolute owner thereof, and for several years before the commencement of this action has had the sole, exclusive, complete and absolute control and management of said ditch and laterals and said water right and water appropriation to the full capacity of said ditch; and that this defendant and his predecessors in interest have for more than twenty years paid all the taxes levied and assessed against said property.

As a further defense, the defendant pleads the statute of limitations, under secs. 4036, 4037 and 4060, Rev. Stat. Upon the issues thus presented, the court made his findings of fact and conclusions of law, and entered a decree as follows:

"Wherefore, by reason of the law and findings aforesaid, it is ordered, adjudged and decreed that the village of Hailey is entitled to the right to the use and possession of 271.45 inches of the waters of Big Wood river, through what is

known as the Idaho & Oregon Land Improvement Company Ditch or 'Big Ditch' and laterals, which is taken from said Big Wood river about four and one-half miles north of the village of Hailey, Blaine county, Idaho, measured under a four-inch pressure, at the point where the main lateral is diverted from said ditch, near the northeast corner of the town of Hailey, for any and all legitimate street purposes on the streets and alleys of the said village of Hailey. That the defendant has no right, title or interest whatever in the plaintiff's right to the use of said water or any part thereof. Except and provided, however, that if, at any time or times, the said full quantity of 271.45 inches of water shall not be necessary to be used as aforesaid, the said village shall, at such times, take of said quantity only so much as shall be so necessary, and permit the remainder to flow uninterrupted in said ditch.

"That the village of Hailey has an easement in said Idaho & Oregon Land Improvement Company Ditch or 'Big Ditch' and in the laterals extending from the same to, along and upon the streets and alleys of said village, to the extent of conveying through said ditch and laterals 271.45 inches of water, and that the defendant has no right, title or interest whatever in said easement.

"That plaintiff have judgment for its costs expended herein, amounting to the sum of $103.00.

"Dated February 2d, 1906."

By the pleadings the issues presented to the court for decision are:

1. Is the plaintiff the owner of a public easement and in the possession of an undivided one-ninth interest in what is known as the Big Ditch, taken from Wood river in Blaine county, Idaho, and an equal interest in the laterals extending from said ditch to said village; and has the plaintiff the right to convey 700 inches of water through said ditch and laterals for use on the streets of said city or village?

2. Is the plaintiff the owner and in the possession of any and all ditches taken from said ditch and laterals for the pur-

pose of conveying water along, over and upon the lots, blocks, streets and alleys of said village of Hailey?

3. Is the plaintiff the owner of a public easement in the possession and right to the use of 700 inches of water, measured under a four-inch pressure, of the waters of said Big Wood river through said ditch and laterals for irrigation and domestic purposes?

4. Has the defendant been the sole and exclusive owner of the whole of the property described in the complaint and seised and possessed of the same, and in the sole and exclusive control thereof, and paid taxes thereon for a period of time exceeding five years?

An examination of the findings shows that the court found that the village of Hailey is a municipal corporation organized on April 21, 1903; that on December 6, 1880, John Hailey made a desert entry containing 484.70 acres, and in the spring of 1881, laid out the town of Hailey into streets and alleys, blocks and lots, etc., and made a plat of the same and filed said plat in the county recorder's office in said county on May 10, 1881; that on August 24, 1882, said Hailey filed a revised plat of said town of Hailey, embracing the same land included in the original plat and covering substantially all of said desert entry; in 1881, John Hailey constructed a ditch from Indian creek to the town of Hailey as then platted, and during the years 1881 and 1882 conveyed water through said ditch from Indian creek to the town of Hailey, and used the same on the streets by the inhabitants of said town for irrigation and other street purposes; that on June 7, 1882, said Hailey entered into an agreement of sale with the Idaho & Oregon Land Improvement Company, agreeing to sell to said company the land embraced in said desert entry, excepting such lots as had previously been disposed of, said Hailey to make proof and then convey according to said agreement; that on March 24, 1883, the Oregon Land & Improvement Company located a water right for 12,000 inches, to be taken from Wood river about four and one-half miles above the town of Hailey, said water to be used for irrigation purposes upon said desert entry and upon other claims; and in

the summer of 1883 constructed what is known as the Big Ditch, from Wood river, and in the fall of 1883, and every summer since, water has been conveyed through said ditch to the town of Hailey and used by the inhabitants of said town for irrigating the trees along the streets and for other street purposes; and that on December 6, 1883, said company deeded to John Hailey an undivided one-ninth interest in said Big Ditch, and also the right to the use of 700 inches of water from said water right through said ditch for the purpose of irrigating said desert entry; and that after the summer of 1883, the Indian creek water was not used on said desert entry, and on February 11, 1884, prior to said Hailey's making proof on said desert entry, he conveyed all his interest in the water of said Indian creek; that said Hailey's original filing on the unsurveyed land for said desert entry, comprised an area of 484.70 acres, but after survey the lines were adjusted and patent issued for 440 acres; that final proof was made on said desert entry on March 1, 1884, showing that said Hailey had the right to the use of 700 inches of water of Wood river, through said Big Ditch, and had used the same upon said desert entry; that patent was issued to said Hailey on April 5, 1884.

Then follows  what is denominated a history of the use of said water in said town, in which it is recited by the trial court, that as soon as the plat of the original town of Hailey was filed, the people began purchasing lots and erecting buildings, and that water was conveyed to said town from Indian creek and used in the years of 1881, 1882 and 1883; that the Big Ditch was dug in the summer of 1883, taking water from Big Wood river, which, during the latter part of the year 1883, was used on the streets in the town of Hailey, and as the town grew, ditches were extended, trees planted, and water used, and from the year 1881 up to the present time, the lot owners and inhabitants have planted trees yearly, and that said Hailey and his successors in interest have planted trees and encouraged the planting of trees; that such trees required irrigation, and had been irrigated every year by the water and ditches in question; that the use by the public of said water

for legitimate purposes has been continuous and uninterrupted since the first occupation of the tract, until the present time, a period of over twenty years; that from the time water was put on said desert entry, and this defendant acquired the same, the water was turned by said Hailey and his successors, and by this defendant, into the ditches on the streets of Hailey and used by whomsoever desired, and without any objection on their part; that it was the intent of Hailey and his successors and this defendant that the occupants of the town tract should have the full use of said water on the streets for legitimate purposes; that the purchasers of said lots down to the time this defendant acquired said property were induced to believe, and did believe, that the public should have the right to the full use of the water on the streets of said town for all legitimate purposes and did so use the water, and did not understand that they were to be charged for such use, although some of them paid; that since 1881 there has always been sufficient water from such source to irrigate the trees on the streets and other street purposes, in the main lateral leading from said Big Ditch to the town; that previous to the organization of Hailey as a village, there was no municipal government for the town, and when the village was organized, it found a large community occupying the town laid out, owning lots sold to them by Hailey and his successors, according to the plats; that many years since 1881, the ditches on the streets were not cleaned out or repaired by anyone engaged to do this work and no person in particular attended to the same; and that the inhabitants of the town of Hailey have been in possession of the water so used on the streets of Hailey since it was first brought on said desert claim; that since the settlement of said town in 1881, except the years 1884 and 1885, the defendant, Riley, has been associated in the management of said ditch and water right connected therewith, and never claimed to the inhabitants that the owners of said Big Ditch were the owners of the waters flowing through the ditches of said town, but permitted its free use; that the use of the water on said streets is necessary for a reasonable enjoyment of the streets, private rights, and public convenience;

that of the part of the Hailey entry included in the town plat, 181.09 acres are covered and included within the streets and alleys platted.

The court, as conclusions of law, found that by the incorporation of the village, the municipality took exclusive control and authority of the streets of Hailey and all right and authority to use water on the streets; and that the lands covered by the streets and alleys were set apart and dedicated by John Hailey for public use for highways, for public traffic, and for all uses and purposes; and that the setting apart of the streets was more than a common-law dedication, that it was a dedication enlarged by statute to the extent that the lot owners purchased with their lots the right to plant trees in the streets of Hailey; and by statute were granted the right to use the soil for tree growing, and that this statutory enlargement is something more than a mere right of passage, and gives a right to the use of the soil for the growth of vegetation, and that this right to the use of the soil cannot be separated from the right to the use of the necessary water to induce growth; and there being a grant to the use of the land, the right to the use of the water follows; that the water in question is appurtenant to the land in the streets and alleys, and the use of the same for legitimate street purposes is inseparable therefrom, and is incident to and necessary for a reasonable enjoyment thereof; that the beneficial uses to which water can be put on the streets and alleys of Hailey includes all sanitary considerations, extinguishing fires, betterment and preservation of roadways, etc.; that the village of Hailey is entitled to the right to the use of 271.45 inches of said waters of Big river, through said Big Ditch mentioned, under a four-inch pressure at the point where the main lateral is diverted from said ditch, to be used for legitimate street purposes when necessary; and that the village has an easement in said ditch and laterals to the extent of conveying through said ditch and laterals 271.45 inches of water, and is entitled to a decree of such water and easement in said ditch; and that the defendant has no interest or estate whatever in the plaintiff's right to use said water or its easement.

The respondent contends that the findings show, first, a common-law dedication of the water itself, separate and distinct from the dedication of the streets and alleys. Second, that water for street purposes passed with the dedication of the streets and alleys, or as incident and necessary to the enjoyment thereof. Third, that the water used on the desert entry and the water right supporting the same became a part of the freehold and inseparable therefrom. In considering these three questions we will take up the latter first.

It will be seen from the findings that the trial court proceeded upon the theory that by the use of the water through the Big Ditch from Big Wood river upon the desert entry of said Hailey, under which said desert entry was reclaimed, and upon which final proof was made, said water became an appurtenant to said land and inseparable therefrom. If this be the theory upon which said case was tried, and the view of the law upon which the findings are founded, then said findings are unwarranted by law. There is no statute of the United States, or of this state, which prohibits a desert entryman from disposing of the water used for final proof, separate from the land, after proof has been made.

When the water had been used for reclaiming said land, and final proof of the same had been submitted to the government and patent issued therefor, the entryman had complied with the legal requirements prescribed by the government, and took title to his land without any conditions or restrictions, the land became his property to dispose of as he might see fit, either the water and the land together or separately.

In the case of *Hard v. Boise City Irrigation and Land Co.,* 9 Ida. 589, 76 Pac. 331, 65 L. R. A. 407, this court held that the owner of a water right, by purchase, or original appropriation, had a right to dispose of the same and sell the water separate and apart from the land. To the same effect is *Johnston v. Little Horse Irrigation Co.,* 13 Wyo. 208, 110 Am. St. Rep. 986, 70 L. R. A. 341, 79 Pac. 22. If this be a correct statement of the law, then the trial court erred in its conclusion of law, to the effect that the water applied to the desert

entry became appurtenant to the land and inseparable therefrom.

The next question is: Do the findings show that when the desert entryman filed a plat, laying out the townsite of Hailey in the spring of 1881 and in August 1882, that he thereby made a dedication of the streets and alleys of said platted ground, and that such dedication carried with it as an incident and necessary to the enjoyment thereof, the water which had been applied to said land?

The findings show that the appropriation of water from Big Wood river was not made until March 24, 1883, and the ditch was constructed during the summer of 1883, and in the latter part of the summer or fall of 1883, water was conveyed through said ditch from Wood river to the town of Hailey, and used upon the streets of said village; therefore, the water appropriated from Wood river and conducted through said Big Ditch had not been applied to the desert entry of Mr. Hailey at the time said plats were made and recorded; consequently, the dedication made by the making and recording of said plats, if any, would not cover the water from Big Wood river, which was not appropriated until seven months after the filing of the amended plat.

The water used on said desert entry at the time said plats of the village of Hailey were filed for record was water taken from Indian creek, and not from Big Wood river through said Big Ditch, so whatever passed by the dedication in the making and recording of said plat would only apply to the condition of the land, marked as streets and alleys, at the times when said plats were filed, if at all, and would not pass to the public use any of the waters of Big Wood river carried through said Big Ditch.

It is further contended by respondent that the findings of the court show a dedication of the waters of Big Wood river, carried through said Big Ditch, by user, and that the same will arise out of either one of the following conditions:

1. For a prescriptive period.

2. For the period prescribed by statute as a bar for real actions.

3. For said period as an interruption in the use would affect private rights and the public convenience.

It is admitted, however, that to support the first two classes the limit of adverse user must exist, and the use must not be permissive only, and that the findings do not show a dedication upon such grounds. But it is contended that the user of said water has been for such a period of time, that to deny the respondent's right thereto at this time would affect private rights and public convenience. This is the real and important question in this case: Has the municipality of Hailey and the people within said village used the waters in controversy a sufficient length of time and under such conditions that the same amounts to a dedication by user? Before the findings of the court can establish a dedication by user, it must appear therefrom that the owner intended to dedicate the water to the public use. As said by the supreme court of California in the case of *Hartley v. Vermillion*, 70 Pac. 273, "The intention of the owner to dedicate is a vital element in every case, and that intention also is a pure question of fact. A mere permissive user, by the owner, of the land for a highway never can amount to a dedication. That is a user by license, and nothing more, and of itself never would ripen into a dedication, no matter how long continued."

In the case of *Cooper v. Monterey County*, 104 Cal. 437, 38 Pac. 106, the supreme court of that state had under consideration the sufficiency of a finding to show a dedication of a public highway. The finding in that case after describing the highway continues "has been continuously and uninterruptedly traveled and used by the general public as and for a public road or highway ever since 1872; and that 'the same is a public highway'; and 'that such use of said portion of said land as a road or highway by the general public has been with the knowledge of plaintiff and without objection on his part.' "

The court commenting on that finding says: "The finding that the strip of land in question was traveled and used by the public ever since 1872, with the knowledge of the plaintiff and without objection on his part, is only the finding of probative

facts, tending to prove a dedication; but the fact of dedication, which, by the way, is neither alleged nor found, does not necessarily follow from these probative facts, since they are not necessarily inconsistent with a total absence of intention to dedicate, and may indicate merely a license.''

In the case of the *City and County of San Francisco v. Grote,* 120 Cal. 62, 65 Am. St. Rep. 155, 52 Pac. 128, 41 L. R. A. 335, the court says:

''It is no trivial thing to take another's land without compensation, and for this reason the courts will not lightly declare a dedication to public use. It is elementary law that an intention to dedicate upon the part of the owner must be plainly manifest.''

And in the case of *Hartley v. Vermillion, supra,* the court further says:

''And while long-continued user without objection and with the knowledge and consent of the owner is some evidence of a right in the public, still there must be joined to that user an intention upon the part of the owner to dedicate, or no dedication will be consummated; for the long-continued user by the public without objection by the owner is entirely consistent with a license to the public to use the land, and therefore evidence of long-continued user alone will not support a finding of fact that a dedication was created. Neither will a finding of fact of mere long-continued user support a conclusion of law that a public highway was created. As previously stated, in order to constitute a dedication of a highway by evidence *in pais,* there must be convincing evidence that the owner intended to appropriate the land to the public use.''

The findings ''That it was the intent of Hailey and his successors down to Riley, that the occupants of the town tract should have the free use of this water on the streets of the town for all legitimate purposes,'' and ''That the use of this water on the streets of Hailey is necessary for a reasonable enjoyment of the streets, and private rights and public convenience and accommodation would be materially affected by an interruption of the use of this water on the streets of Hailey,'' are findings of probative facts. Such probative

facts only tend to prove a dedication, but there is no finding of probative facts, or of the ultimate fact of dedication. The dedication, in fact, would not necessarily follow from the probative facts found, inasmuch as such probative facts are not necessarily inconsistent with the total absence of intention to dedicate, and may indicate merely a license. The fact that the predecessors in interest of the defendant permitted the free use of said water in said village is not conclusive proof that such owners intended such use to be perpetual; at most, the use found to exist by the findings above might be permissive only and amount to a mere license. To constitute dedication by user, it is necessary to find the probative facts which of themselves constitute dedication, or the ultimate fact of dedication. It is not enough to find facts which merely have a tendency to prove dedication.

We are, therefore, clearly of the opinion that the findings in this case are not sufficient of themselves to show a dedication by user.

An examination of the findings clearly shows that the court proceeded upon the theory that the use of the water by Mr. Hailey on his desert entry in the reclamation thereof, and for the purpose of making final proof, affixed said water to the land and made the same inseparable therefrom, for it is found by the trial court that said desert entry consisted of 440 acres, and that the original plat and the revised plat included substantially all the lands embraced in said Hailey's desert entry, and that the streets and alleys set apart upon said plat include 181.09 acres of said entry, thereby showing that the court considered the acreage of the streets and alleys to be the basis for figuring the water dedicated to the same. It will be observed, however, that the court did not find the amount of water which had actually been used, or necessary to be used upon said streets and alleys. This, it was necessary for the court to do as the extent of the dedication, if there be a dedication of said water, was one of the issues in said case.

Again, the defendant's answer presented an issue under sec. 4036, Rev. Stat., which is as follows: "No action for the recovery of real property, or for the recovery of the posses-

sion thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor or grantor, was seised or possessed of the property in question within five years before the commencement of the action; and this section includes possessory rights to lands and mining claims." Also under sec. 4037, Rev. Stat., which is as follows: "No cause of action, or defense to an action, arising out of the title to real property, or to rents or profits out of the same, can be effectual unless it appears that the person prosecuting the action or making the defense, or under whose title the action is prosecuted or the defense is made, or the ancestor, predecessor, or grantor, of such person was seised or possessed of the premises in question within five years before the commencement of the act in respect to which such action is prosecuted or defense made."

Upon the issue thus presented, the court made no finding. In the case of *Later Bros. v. Haywood, ante,* p. 45, 93 Pac. 374, this court held that where the trial court fails to find on all the material issues, the judgment will be reversed, unless a finding thereon, whether for or against the successful party, would not affect the judgment entered. And where the court fails to find on an issue presented, and a finding thereon might call for a different judgment, it is reversible error. It is apparent, therefore, in this case that had the court made a finding upon the issue interposed, of the statute of limitations, it would affect and control the judgment, and if in favor of the defendant, the judgment must follow such finding, and be for defendant. The failure to find upon this issue is reversible error.

Again, examining the findings we are unable to discover any facts found which would justify a judgment that the plaintiff or the public had any interest in said water appropriation, or any interest in the Big Ditch through which the waters of said appropriation were carried. At most, the facts found disclose that the water used by the public upon the streets of said village of Hailey was taken from a lateral leading from the Big Ditch. If this be correct, the findings would not warrant a judgment giving the village of Hailey the right to the use and possession of 271.45 inches of the water of Big

Wood river through the Big Ditch. Had the judgment followed the findings and decree that the village of Hailey was entitled to 271.45 inches of water at the point where the main lateral is diverted from said ditch, then the findings in that particular would have supported a judgment therefor, but such is not the judgment. Again, there is no finding to warrant the judgment that the village of Hailey has an easement in said Big Ditch to the extent of conveying through said ditch and laterals 271.45 inches of water. There is no finding to support that part of the judgment to the effect that the said village of Hailey is entitled to the right to the use and possession of 271.45 inches of water from said Big Wood river through said Big Ditch and laterals, when necessary, as there is no finding to show the amount of water necessary for said use, or the extent of the use of said water by said village through said ditch. The evidence is not before the court, and we cannot inquire whether or not it supports the findings, but it does appear clearly to this court, first, that the case was tried and decided upon the theory that the water used upon said desert entry became appurtenant and inseparably fixed thereto, which the law does not warrant; second, that the findings do not show a dedication of the waters used on said land to a public use; third, that the findings do not show any title or interest in said water or ditch by adverse user; fourth, that there is no finding upon the issues tendered by the defendant in his answer; fifth, that there is no finding of the extent of the dedication, even if there be a dedication in fact; sixth, that the findings do not support the judgment.

The judgment in this case is therefore reversed, and the cause remanded for a retrial. Clerk's costs on appeal, and the costs of printing twenty-five pages of the transcript, and the reply brief, are awarded to appellant.

Ailshie, C. J., concurs.